John Southworth, Appellant, v. George K. Bennett, Respondent

Upon trial by a jury, two questions of fact were submitted to and passed upon by them. A motion for a new trial, upon case and exceptions, was denied, and judgment ordered for defendant. The order was affirmed by the General Term, and subsequently, upon defendant's application at Special Term for judgment, the case was heard upon the record and further proofs, and judgment directed. *Held*, that an appeal from such judgment could not be taken direct to this court; that the questions arising upon the findings of the jury, taken in connection with the further proof, must first be presented to, considered and determined by the General Term.

In an action to recover rent for a farm, the defence was that the farm was the property of defendant, but was conveyed to plaintiff as a cover for and to secure an usurious loan, under an agreement that the same was to be reconveyed on payment of the loan, the usurious interest and a stipulated rent. The court charged, in substance, that if, for the whole or a part of the money loaned, plaintiff had no personal obligation of any one, but was limited to the farm as the means of replacing it, so that his advances were put at hazard, the transaction was not a usurious loan; but whether it was in truth not a sale, but a device intended to cover a usurious transaction, was a question for the jury. Defendant's counsel requested a charge limited to the first-clause, omitting the qualification. This the court declined to do. *Held*, no error.

Upon the trial plaintiff was sworn as a witness in his own behalf. Upon cross-examination, he was asked and required to answer, under objection, whether he was not then under indictment for usury. *Held*, that it was within the discretion of the court, and therefore no error.

Defendant set up in his answer, aside from the defence of usury, an alleged agreement that, upon a sale of the farm, plaintiff should allow to defendant the surplus over and above the amount of the loan and the rent. At the commencement of the trial, plaintiff moved that defendant be required to elect which of the two defences he would rely upon. The motion was denied, but, at the end of the trial, the court did make the requirement. *Held*, that the question when defendant should be put to an election was in the discretion of the court.

(Submitted June 12, 1874; decided September 22, 1874.)

This was an action to recover rent under lease of a farm. Defendant in his answer alleged that the lease was executed in pursuance of an usurious agreement by which plaintiff agreed to loan to him a sum of money to pay incumbrances upon the farm then owed by defendant, defendant agreeing

to convey the farm to plaintiff, to execute a lease agreeing to pay $500 a year rent, and to pay the sum loaned with fourteen per cent interest, whereupon plaintiff was to reconvey; that the money was loaned, the deed and lease executed under and in pursuance of such agreement. The answer also set up an agreement that, upon sale of the farm, plaintiff should allow defendant all he received above the amount of the loan and the rent.

Upon the trial two questions of fact were submitted to and passed upon by the jury: 1st. Were the deed and lease a mere cover for usury. 2d. That the value of the farm, when the transaction took place, was forty-seven dollars per acre. No general verdict was rendered. The points presented and decided are above stated.

*M. Goodrich* for the appellant.

*E. H. Benn* for the respondent.

JOHNSON, J., reads for affirmance of order of General Term and for dismissal of appeal from judgment.

All concur.

Ordered accordingly.