WILLIAM RYAN, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

The provision of the act of 1879, extending the jurisdiction of Courts of Special Sessions (chap. 390, Laws of 1879), which gives to said courts exclusive jurisdiction, in the first instance, to hear and determine, among other things, "charges for assault and battery, not alleged to have been committed riotously," did not oust Courts of Sessions of jurisdiction to try pending indictments for that offence; it applies only to charges made subsequent to the passage of the act.

*It seems,* that the word "charges" implies an original complaint, made in the first instance, preliminary to a formal trial for a crime, it does not include indictments.

Upon the trial of an indictment for assault and battery, the offence was alleged to have been committed during an affray at a town meeting; one of the witnesses for the prisoner was asked on cross-examination whether he had been indicted, for assault and battery, committed on that day, this was objected to, objection overruled, and the witness answered "yes," *held,* that it was a fair inference that the witness was indicted as one of the participants in the affray; and that the question was competent to show the position he occupied, in respect to the controversy, out of which the affray arose, and his interest in the litigation, and as showing prejudice or bias.

*It seems,* that the mere fact that a witness has been indicted, cannot legitimately tend to discredit him or impeach his moral character, and that evidence thereof is therefore incompetent; (FOLGER and EARL, J.J., dissenting, and holding that the allowance of questions on cross-examination of a witness, as to his having been indicted, are in the discretion of the court).

One of the witnesses for the prosecution, when asked what he saw of the occurrence, answered among other things, "I should judge he (the com-

plainant) struck a stone," this was on motion struck out, *held,* no error, as it was not responsive to the question, and was a conjecture, not knowledge.

Also *held,* that evidence that the prisoner made an effort to keep out of the way of the sheriff was competent.

*It seems,* however, that such evidence is very slight, if any evidence of guilt.

(Argued January 14, 1880; decided January 27, 1880.)

ERROR to the General Term of the Supreme Court, in the third judicial department, to review judgment affirming a judgment of the Court of Sessions, in and for the county of Ulster, entered upon a verdict, convicting the plaintiff in error, of the crime of assault and battery.

The facts are sufficiently stated in the opinion.

*F. L. Westbrook,* for plaintiff in error. The Court of Sessions had no jurisdiction to try the case. (Const. art. 6, § 14; 3 R. S. [6th ed.], 234.) Its jurisdiction was taken away by chapter 390, Laws of 1879, and that act annulled all proceedings commenced under the former statute, but not then decided. (*People* v. *Rawson,* 61 Barb., 619, 635; *Commonwealth* v. *Kimball,* 21 Pick., 376; *People* v. *Bull,* 46 N. Y., 68; *Delamater* v. *People,* 5 Lans., 334; *Johnson* v. *R. R. Co.,* 49 N. Y., 462; *Newel* v. *People,* 3 Seld., 97; *Benton* v. *Wickwire,* 54 N. Y., 258; *Butler* v. *Palmer,* 1 Hill, 324, 330; *Curtis* v. *Leavit,* 15 N. Y., 229; *Harting* v. *People,* 22 id., 95, 102; *Town* v. *Jenkins,* 57 id., 192.) The question put to Luke R. Ford, one of the witnesses for the defense, if he had been indicted for assault and battery, was improperly allowed. (*People* v. *Genung,* 11 Wend., 18, 21; *People* v. *Gray,* 3 Seld., 378; *Jackson* v. *Osborn,* 2 Wend., 555; *Crapo* v. *People,* 15 Hun, 269.) Evidence having been improperly admitted, and the prisoner having been convicted, the error in the admission of evidence is presumed to have prejudiced him, and the judgment must be reversed, unless it clearly appears that the improper evidence could not possibly have had effect. (*Coleman* v. *People,* 58 N. Y., 562.) When an erroneous charge is made, the ver-

dict must be set aside, unless it clearly appears it did not, and could not, have affected the verdict. (*Greene* v. *White*, 37 N. Y., 405; *People* v. *Bennet*, 49 id., 148; *People* v. *Case* [not published].)

*A. T. Clearwater*, for defendant in error. The provisions of chapter 390 of the Laws of 1879 did not affect the jurisdiction of the Court of Sessions to try the indictment at bar. (1 Blackstone's Com., 87, 90; *Smith* v. *The People*, 47 N. Y., 330; 2 Cow., 419; *People* v. *Lambier*, 5 Den., 9; 3 R. S. [6th ed.], 1004, § 1; 4 Blackstone's Com., 302; *Gardner et al.* v. *The People*, 62 N. Y., 299, 306, 307; *Donaldson* v. *Wood*, 22 W. R., 395; Bacon's "Ab Statutes," 5; *People* v. *Supervisors of Columbia Co.*, 43 N. Y., 130, 132; *People ex rel. Witherbee* v. *Supervisors*, 70 id., 228, 236.) A law is never to have retroactive effect unless its express letter or clearly manifested intention requires that it should have such effect. (*Dash* v. *Van Kleeck*, 7 J. R., 499; *Berley* v. *Rampacher*, 5 Duer, 183; *Sayre* v. *Wisner*, 8 Wend., 662; *Palmer* v. *Conly*, 4 Denio, 376; *Calkins* v. *Calkins*, 3 Barb., 305; *Jackson* v. *Van Zandt*, 12 J. R., 168; *People* v. *Supervisors of Columbia Co.*, 10 Wend., 363; *Hackley* v. *Sprague*, id., 114; *N. Y. and Oswego M. R. R. Co.* v. *Van Horn*, 57 N. Y., 473; Earl, 477, 478; *Monegan* v. *The People*, 55 N. Y., 613, 616; *Benton* v. *Wickwire*, 54 id., 226, 229; *Berley* v. *Rampacher*, 5 Duer, 183; 2 Dwar., 677; *Palmer* v. *Conly*, 4 Den., 374; 2 N. Y. [2 Comst.], 182; *Jarves* v. *Jarves*, 3 Edw. Ch., 462; 7 J. R., 477; *Wood* v. *Oakley*, 11 Paige, 400; 4 Edw., 562; *People* v. *Supervisors of Columbia*, 10 Wend., 363; *Van Rennselaer* v. *Livingston*, 12 id., 490; Pr. Lib., 42, 78; 2 Inst., 292; 6 Bac. Abr., 370; 2 Mod., 310; 2 Lev., 227; 2 Jones, 108; 4 Burr., 2460; 1 Bay., 179; 3 Dall., 386; 2 Cranch, 272; 1 Bl. Com., 44; 2 Ld. Raym., 1352; *Dash* v. *Van Kleeck*, 7 J. R., 477; *Sayre* v. *Wisner*, 8 Wend., 661; *Bates* v. *Stearns*, 23 id., 482; *S. P. Bolles* v. *Duff*, 7 Abb. Pr. [N. S.], 385; S. C., 55 Barb., 580; 38 How. Pr.,

492, 504; *Birch* v. *Newbury*, 10 N. Y., 374, 390; *James* v. *Patton*, 6 N. Y., 9; *People* v. *Caranal*, 6 id., 463; *Ely et al.* v. *Holton*, 15 id., 595; *Tonnelle* v. *Hall*, 4 id., 140, 144; Evergreens, 47 id.; 1 Kent's Com., 510; 15 Wend., 241; 7 J. R., 477; 1 Kent's Com., 462; *New York and Brooklyn Bridge*, 72 N. Y., 527; *Holmes* v. *Carley*, 31 id., 289; 32 Barb., 440; *Chase* v. *N. Y. Central R. R. Co.*, 26 N. Y., 523; *Donaldson* v. *Wood*, 22 Wend., 395; Dwar. on Stat., 562; *Pillow* v. *Bushnell*, 5 Barb., 156; 1 Kent's Com., 463; Smith on Stat., §§ 701, 703; *White* v. *Wager*, 32 Barb., 250; affirmed in 25 N. Y., 328; Dwar., 562, 614, 632; Younge & J., 196; Bishop on Stat. Crimes, § 154; *Furman* v. *Nichol*, 3 Cald., 432; *Commissioners of Central Park*, 50 N. Y., 493; Bishop on Stat. Crimes, § 165.) Repeals by implication are not favored by the law. (Bishop on Stat. Crimes, § 154; *In the Matter of the Commissioners of Central Park*, 50 N. Y., 493; *The People ex rel. Kingsland* v. *Palmer*, 52 id., 83; *Loher* v. *Brookline*, 13 Pick., 343, 348; *Haynes* v. *Jenks*, 2 id., 172, 176; *Snell* v. *Bridgewater Cotton Gin Manuf. Co.*, 24 id., 407; *Goddard* v. *Boston*, 20 id., 407; *Bowen* v. *Lease*, 5 Hill, 22; *Wyman* v. *Campbell*, 6 Port., 219; *Dugan* v. *Gittings*, 3 Gill, 138; *McCartee* v. *Orphan Asylum Society*, 9 Cow., 437; *Lichtenstein* v. *The State*, 5 Ind., 162; *Erwine* v. *Moore*, 15 Ga., 361; *Aspden's Estate* v. *Wallace, jr.*, 368, 431; *Hockaday* v. *Wilson*, 1 Head., 113; *Robbins* v. *The State*, 8 Ohio, 131; *The State* v. *Morrow*, 26 Mo., 131; *Swann* v. *Buck*, 40 Miss., 268; *People* v. *San Francisco, etc., Railroad*, 28 Cal., 254; *Blain* v. *Bailey*, 25 Ind., 165; *Buckingham* v. *Steubenville and Indian Railroad*, 10 Ohio, 25; *Commonwealth* v. *Flannelly*, 15 Gray, 195; *Goddard* v. *The City of Boston*, 20 Pick., 407, 410; Bishop on Statutory Crimes, § 155; *N. Y. and Oswego M. R. R. Co.* v. *Van Horn*, 57 .56 N. Y., 473; *Smith* v. *The People*, 47 id., 330; *In the Matter of the Evergreens*, 47 id., 216; *The People* v. *Carnal*, 6 id., 463; *Ely et al.* v. *Fulton*, 15 id., 595; *The People* v. *Lord*, 12 Hun, 285; *Blain* v. *Bailey*, 26

Ind., 165; *The State* v. *Bishop,* 41 Mo., 16; *Johnson* v. *Burrell,* 2 Hill, 238; Kent's Com., 463; *Church* v. *Crocker,* 3 Mass., 21; *Mendon* v. *Worcester County,* 10 Pick., 235; *United Society* v. *Eagle Bank,* 7 Conn., 456; Bacon's Abdg't Stat., J., 3; *McMillan* v. *Adams,* 1 Marq. [H. L. Cas.], 120; *Rogers* v. *Bradshaw,* 20 J. R., 735; *McCarter* v. *Orphan Asylum,* 9 Cow., 437.)    If the court should have any doubt upon the question of jurisdiction, the people should have the benefit of the doubt.    (*Smith* v. *The People,* 47 N. Y., 330; *Tremain* v. *Richardson,* 68 id., 617; *State of Kansas* v. *Crawford,* 11 Kansas, 32; *Trist* v. *De Cabezas,* 2 Robt., 708; *Sayre* v. *Wisner,* 8 Wend., 661; 7 J. R., 477; 1 Hill, 324; 2 Seld., 463; 11 Paige, 400; 15 N. Y., 595; *Sanford* v. *Bennet,* 24 id., 20; *Hartung* v. *The People,* 22 id., 95.)    The court committed no error in overruling the objection made by the prisoner to the questions put to the witnesses Ford and Butler.    (Greenleaf on Evidence, § 459; *Parkhurst* v. *Lawton,* 2 Swanst., 216; Roscoe's Crim. Ev. [4th Am. ed., from 3d London ed.], 180; *Maine* v *The People,* 9 Hun, 113, 118; *Brandon* v. *The People,* 42 N. Y., 265; *Great Western Turnpike* v. *Loomis,* 32 id., 127; *La Beau* v. *The People,* 34 id., 223; *Vaughan* v. *Westover,* 2 Hun, 43; *Southworth* v. *Bennett,* 58 N. Y., 659; *People* v. *Stokes,* 53 id., 164; *Brandon* v. *The People,* 42 id., 265; *Connors* v. *The People,* 50 id., 240; see also *Fralich* v. *The People,* 65 Barb., 48; *White* v. *McLean,* 57 N. Y., 670; *La Beau* v. *The People,* 34 id., 233; *Turnpike Co.* v. *Loomis,* 32 id., 127; *Fry* v. *Bennett,* 3 Bos., 200; *Terry* v. *McNeal,* 58 Barb., 241; *Shepard* v. *Parker,* 30 N. Y., 517; *Allen* v. *Bodine,* 6 Barb., 383; *Russell* v. *The St. Nicholas Fire-Ins. Co.,* 51 N. Y., 543; *Real* v. *The People,* 42 id., 270; *Rex* v. *Pitcher,* 1 Car. & P., 75; *Real* v. *The People,* 42 N. Y., 270; *The People* v. *Casey,* 72 id., 393.)

CHURCH, Ch. J.    The most material point presented is whether the Court of Sessions of Ulster county, had power and jurisdiction to try the indictment in this case.

The indictment was for assault and battery, and was found
at the Oyer and Terminer in April, 1879, and by order of that
court sent to the Sessions. At a term of the latter court in
June, 1879, the defendant was brought to trial, and the
jurisdiction of the court properly challenged, and the objec-
tion overruled. The jurisdiction is claimed to have been
taken away by an act of the Legislature, passed May 28, 1879,
which provides that "courts of Special Sessions * * * shall
in addition to the power now possessed by them, have also
exclusive jurisdiction in the first instance, to hear and deter-
mine the following cases : "

The act specifies "charges" for several offences, and among
them specifies "charges for assault and battery not alleged
to have been committed riotously."

We are of opinion that this act did not take away the
jurisdiction of the Sessions to hear and try this case. Neither
the language nor intent necessarily lead to that conclusion.
The word "charges" implies an original complaint made
in the first instance preliminary to a formal trial for a crime.
This case was not in a condition where such a charge could
be made. An indictment had been regularly found at Oyer
and Terminer, which had been sent to the Sessions for trial,
and the latter court had jurisdiction of the case for that pur-
pose, when the act was passed. Special Sessions cannot try
cases upon indictment, and although an indictment is in an
enlarged sense, a charge, yet it would not be included in
that term as used in ordinary legal language, or in this act.
Nor can an intention be imputed to the Legislature to oust
the court of Sessions of jurisdiction to try pending indict-
ments, and the language goes far to show that it was intended
to apply only to cases so situated that charges could thereafter
be made, in the ordinary way by preliminary complaint. This
is the most obvious meaning of the language, and accords
with what may be supposed to have been the intention of
the Legislature. Assuming as claimed that the intent was
to require all the cases of crime specified to be tried at Special
Sessions with a view to economy, it must be limited to such

as could at the passage of the act be *charged* as contemplated
by the statute, or in other words it applied to charges subse-
quently made. The further contention is made that it does
not affect the jurisdiction of the grand jury in any case from
finding an indictment, nor the Oyer and Terminer or Sessions
from trying it as before, but applies only to cases where pre-
liminary complaints are actually preferred before committing
magistrates. The language does not in express terms deprive
the courts named of jurisdiction, and it is argued that the
language employed may be satisfied by holding that exclu-
sive power to try certain offenses applies to those only where
charges or preliminary complaints, are in fact made, and the
case of *Gardiner* v. *The People* (62 N. Y., 299), is cited to
sustain this construction. The statute conferring power upon
the court of General Sessions in New York, is more compre-
hensive than the statute conferring power upon courts of
Sessions, and the statute relied upon in that case to oust
the General Sessions of jurisdiction was somewhat more
restricted and qualified than the statute relied upon in this
case, and we deem it unnecessary to decide whether this case
falls within the principle of that decision or not. It is suffi-
cient to hold that this statute does not apply to the trial of
indictments pending at the time the act was passed.

Two of the witnesses for the defendant were asked whether
they had been indicted. The questions were objected to as
incompetent and immaterial, and as not tending to impair
their credibility or affect their moral character. The court
overruled the objections, and exceptions were duly taken.
This court in the recent case of *The People* v. *Crapo*,* while
recognizing the legal right, subject to the discretion of the
trial judge, to put questions to a witness as to specific facts
which tend to discredit the witness, or impeach his moral
character, held that the mere fact that a witness had been
indicted, could not legitimately have that effect, and was
therefore incompetent. The rule was applied in that case
to an accused person who was sworn as a witness in his own

*76 N. Y., 288.

behalf, but on principle it seems equally incompetent when applied to any other witness. An indicted person is presumed innocent, and yet the fact of an indictment is sought to impeach him as a witness. I do not think it is a legitimate fact for that purpose. A witness may be asked in the discretion of the court as to transactions which affect his character either for truth or veracity, or his moral character, but not such as do not have that effect. It is however unnecessary to pass definitely upon this question in this case, as we are of the opinion that the questions were competent to show the position which those witnesses occupied in respect to the controversy out of which the affray arose.

*Mr. Greenleaf* says: "the situation of the witness with respect to the parties, and to the subject of litigation, his intent, his motives, his inclination and prejudices  *  *  * are all fully investigated and ascertained, and submitted to the consideration of the jury, before whom he had testified, and who have thus had an opportunity of observing his demeanor, and of determining the just weight, and value of his testimony."

As to the witness Ford the question was specific whether he had been indicted for an assault and battery committed on the same day. From this it is fairly inferable that he was indicted as one of the participants in the affray at the town meeting at which the assault was made upon the prosecutor. He might therefore have an interest in the litigation, and a feeling of prejudice or bias which was proper for the consideration of the jury in weighing his evidence. As to the witness Butler it does not clearly appear that the indictments against him were for acts committed on that day, although it might be inferred that one of them was. As to the other indictment no exception was taken. We are of opinion that as to one indictment the inference that it was connected with the town meeting, may be indulged, and hence that he was so connected with the controversy at the town meeting as to make it proper to show his feeling and bias in respect to the affray, and that for this reason the evi-

dence was competent.   It is sufficient if the evidence is competent for any purpose.

The evidence of the defendant's witness Hollahan, stating that " I should judge he (the complainant) struck a stone," was not responsive to the question, which simply asked for what the witness saw of the occurrence in question, and seemed to be a conjecture, instead of knowledge, and there was no error in striking it out.

The evidence that the defendant made an effort to keep out of the way of the sheriff, was very slight, if any evidence of guilt.   There are so many reasons for such conduct, consistent with innocence that it scarcely comes up to the standard of evidence tending to establish guilt, but this and similar evidence has been allowed upon the theory that the jury will give it such weight as it deserves, depending upon the surrounding circumstances.   It was not error to admit it. I have examined the charge carefully, and do not think that any of the exceptions to it present a legal error.

There was a serious conflict in the evidence whether the defendant committed the assault which produced the injury, but it was the exclusive province of the jury to determine that question, and with their decision we have no power to interfere.

The judgment should be affirmed.

All concur.

FOLGER and EARL, JJ., concurred in the result. only ; thinking that in the law of evidence of this State, it had been settled that the trial court may, in its discretion, allow the questions put to Ford and Butler on cross-examination and discussed by the chief judge in his opinion.   See *Southworth* v. *Bennett* (58 N. Y., 659), where it was said by JOHNSON, J., in an opinion (in MSS.) concurred in *per totam curiam :* " The question put by the defendant's counsel to the plaintiff, whether he was not then under indictment for usury, seems to have been one of those depreciatory questions which, although not relevant to the issue, a judge may, in his discretion, allow to be put on cross-examination.

After considerable discussion in this State, the constant practice at Circuit and the decisions in *Brandon* v. *People* (42 N. Y., 265) ; *People* v. *Gay* (7 id., 378), and *Lipe* v. *Eisenlord* (32 id., 229), seem to leave no doubt that the allowance of such questions rests in the discretion of the court."

Judgment affirmed.