# SUPREME COURT.

## In the Matter of Owen Coughlin.

*Criminal law — Assault and battery — Power of the recorder of the city of Cohoes as to punishment of the offense — Chapter 456 of the Laws of 1880, amending chapter 440 of the Laws of 1876.*

The prisoner is detained under a commitment signed "Charles F. Doyle, recorder of the city of Cohoes," which recites that "at a court of special sessions" held the 22d day of April, 1881, by him as recorder of the city of Cohoes, the said Coughlin was duly convicted of having unlawfully assaulted and beaten one John Murphy of said city of Cohoes on the 17th day of April, 1881, on which conviction it was adjudged that Coughlin should be imprisoned in the Albany Penitentiary at hard labor for the term of one year, and that he should also pay

a fine of $250, in default of which he should be further imprisoned one day for every dollar of such fine which was not paid:

*Held*, that under chapter 456 of the Laws of 1880, which amends chapter 440 of the Laws of 1876, the sentence was not in excess of the power of the recorder to impose (*See, also, In the Matter of Bayard*, 61 *How*, 294, *the decision in which is held to be correct, and to be also sustained by section* 1 *of article* 14 *of the Constitution of the U. S.*)

*Ulster Special Term, August*, 1881.

APPLICATION by *habeas corpus* to relieve the petitioner, Owen Coughlin, from confinement in the Albany Penitentiary.

*Peter D. Niver* and *Arthur E. Valois*, for prisoner.

*D. Cady Herrick*, district attorney, for people.

WESTBROOK, *J.* — The return of the warden of the Albany Penitentiary to the writ of *habeas corpus* served upon him shows that Owen Coughlin is detained by him as a prisoner under a commitment signed "Charles F. Doyle, recorder of the city of Cohoes," which recites that "at a court of special sessions" held the 22d day of April, 1881, by him as recorder of the city of Cohoes, the said Coughlin was duly convicted of having unlawfully assaulted and beaten one John Murphy of said city of Cohoes on the 17th day of April, 1881, on which conviction it was adjudged that Coughlin should be imprisoned in the Albany Penitentiary at hard labor for the term of one year, and that he should also pay a fine of $250, in default of which he should be further imprisoned one day for every dollar of such fine which was not paid.

It is claimed in behalf of the prisoner that the sentence was in excess of the power of the recorder to impose. Is the point well taken?

Chapter 456 of the Laws of 1880, which amends chapter 440 of the Laws of 1876, gives to the recorder of the city of Cohoes "jurisdiction to hear, try and determine in the first instance all charges for crimes and offenses enumerated in section first, article first, title third, chapter second of the fourth part of the Revised Stautes" (title third of the Revised

Statutes referred to is entitled " Of Trials of Offenses before Courts of Special Sessions of the Peace "); " and, also, all complaints and charges against any person for the commission of any of the acts and offenses designated in the first section of title fifth of chapter twentieth of the first part of the Revised Statutes, and the acts amendatory thereof " (title five of the chapter and part of the Revised Statutes referred to is entitled " Of Disorderly Persons "); and, also, all offenses triable by courts of special sessions in towns and in cities of this state." The recorder is also given power to try sundry other specific offenses, which need not be stated here as the present case is covered by the provisions which have been mentioned.

The act to which reference has been made, after conferring upon the recorder jurisdiction to hear and determine the cases specified, declares that upon conviction of the offender the recorder shall " have power to punish by a fine not exceeding two hundred and fifty dollars, or by imprisonment in the Albany Penitentiary at hard labor for a term not exceeding one year, or by both such fine and imprisonment."

In the case of *Isadore Bayard* (61 *Howard*, 294), who was convicted by the Cohoes recorder of the crime of petit larceny and sentenced to the Albany Penitentiary for the term of nine months, it was held that such sentence was in excess of his power to impose. The reasons for such decision were predicated upon the fact that the general law of the state defined the crime of petit larceny and limited the term of imprisonment upon conviction to six months. The Cohoes act, which assumes to confer upon the recorder of the city the power to imprison for the term of one year for the same offense, was therefore held to be unconstitutional, because, first, it was contrary to the spirit of the constitution of our state, in that it gave to a local and inferior court greater power than could be exercised by superior courts of general jurisdiction; that it made the gravity of the penalty for crime depend upon the spot of its perpetration and not upon the degree of criminality of the act, and that it destroyed the

Matter of Coughlin.

equality of citizens before and under the laws; and also because, second, it violated the provision of the state constitution prohibiting the infliction of "cruel and unusual punishments" by permitting a local and inferior court to impose a penalty double in severity to that which the legislature had, by a general law applicable to the entire state, declared to be an adequate and sufficient punishment for the same offense. To the arguments advanced to sustain the conclusion in the *Bayard case*, to the opinion in which reference is now made, can be added another founded upon section 1 of article 14 of the Constitution of the United States prohibiting a state from denying "to any person within its jurisdiction the equal protection of the laws." It is true that the origin of this constitutional provision is to be found in the thirteenth article of our federal constitution which abolishes slavery; but its language, whilst potent to protect in their rights of person and property all its citizens without regard to their previous condition, goes further and secures, and was designed to secure, to "any person" and to all persons "the equal protection of the laws." The Cohoes statute was condemned, among other reasons, for a violation of this very principle, though such principle was not then referred to as one declared in and by the constitution of our union as states, but only as one existing by natural right and recognized in the spirit of both federal and state constitutions. Words would be wasted in the attempt to prove that a law which draws around the city of Cohoes a line separating it from all other portions of the state, and marking its inhabitants as persons so morally bad that punishments, in severity double to those which can be inflicted elsewhere within our commonwealth, are there needed to preserve the public peace and the observance of law, does not afford to all persons within the state "the equal protection of the laws." It is true that the Cohoes charter subjects all persons who may offend against the law within the city limits to the same penalty, whether residents or non-residents, but as its residents must be the principal sufferers from the harshness of its provisions, it fol-

lows that they are deprived of "the equal protection of the laws;" and because it is a constitutional impossibility to find any spot in the state in which its general public law ceases to operate, it must be equally impossible to discover within its borders a place where, if the general law of the state be infringed upon, the offender has forfeited the protection which such general law affords. In short, both an express constitutional enactment and an inherent principle of our government demand that a law which professes to cover the entire state shall operate equally, that no local statute shall give to the lawless offender against public and private rights exemption from punishment by reason of the locality of the offense, nor subject him for an act therein committed to penalties and punishments greater than those elsewhere inflicted for the same offense; and a local statute which assumes to prevent the operation of the criminal laws of the state in a district thereof, or undertakes to enforce them by penalties greater than those elsewhere imposed within the same commonwealth, is an attempt, as to the offended in the one instance, and the offender in the other, to deprive a person of "the equal protection of the laws." The constitutional guaranty, and the great fundamental axiom of the law, that statutes must operate equally, protect the person and property of the citizen against the wickedness of the depraved, and protect even the criminal, who also has rights which must be respected, from the vengance of an enactment which deprives him of immunity from punishment beyond and in excess of that prescribed by the general law, and dooms him to penalties and punishments of double severity.

The soundness of the decision, then, in the *Bayard case* is maintained, but its applicability to the present case is denied. The general law of the state does not limit the punishment for assault and battery to six months' confinement and a fine of fifty dollars. The provision referred to by the counsel for the prisoner (3 *R. S.* [6*th ed.*], 1007, *sec.* 19) is only a limitation upon the power of a court of special sessions to punish.

A simple assault and battery is a misdemeanor, and punishable "by imprisonment in a county jail not exceeding one year, or by fine not exceeding $250, or by both such fine and imprisonment" (2 *Ed. Stat.*, 719, *sec.* 40). Possibly, by the act of 1879 (*chap.* 390; *see, also, Ryan* agt. *The People*, 79 *N. Y.*, 593), which gives to courts of special sessions, "except in the city of Albany and in the city and county of New York * * * exclusive jurisdiction in the first instance to hear and determine * * * charges for assault and battery not alleged to have been committed riotously," there is a practical difficulty in punishing the offense in the greater part of the state by penalties more severe than those allowed to be imposed by courts of special sessions, but when the power was conferred upon the recorder of the city of Cohoes, as it was in 1876 (*chap.* 440 *of the Laws of* 1876), to punish by imprisonment for a year, and a fine of $250, there was no limitation to a six months' imprisonment and a fine of $250, except in and to courts of special sessions. The Cohoes act of 1876 was re-enacted in 1880 with a slight change, so that it is clear that the recorder has only exercised in this case the power of punishment conferred expressly upon him, and which was and is no greater than that prescribed by the general law of the state.

It is, however, also insisted that section 2 of the act of 1880, amending section 30 of the act of 1876, which provides, "When any person charged with any crime or offense specified in the preceding sections, or of any crime or offense of the grade of misdemeanor (except cases of felony and misdemeanors, when the punishment can exceed a fine of $250 or one year's imprisonment either in county jail or penitentiary) shall be brought before such recorder, it shall be his duty forthwith to hear and determine such complaint, and charge against such person according to the provisions of said article first, title third, chapter second of part fourth of the Revised Statutes," limits the punishment to that which the special sessions is authorized to inflict. This point must also be over-

ruled. The power to punish by a year's imprisonment and a fine of $250 is expressly conferred by the previous section, and the provision, which has just been quoted, refers simply to the mode and manner of the trial.

It is further claimed in behalf of the prisoner that as the warrant of commitment recites that he was convicted " at a court of special sessions," the power of punishment is only that of a court of special sessions. The answer to this argument is, that the recital in the warrant is erroneous, and such erroneous recital does not deprive the recorder of the authority conferred upon him. The court before which the prisoner was tried and convicted was not simply a court of special sessions. It was a recorder's court, and as such was clothed with the jurisdiction conferred by law.

For the reasons given, the writ of *habeas corpus* must be dismissed, and the prisoner remanded to the custody of the warden of the penitentiary.