DETERMINED IN THE

# FOURTH DEPARTMENT,

AT

# GENERAL TERM,

## January, 1882.

---

## THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR, v. WILLIAM McDONALD, PLAINTIFF IN ERROR.

*Police justice of the village of Hornellsville — 1867, chap. 288, sec. 53; 1872, chap. 154 — his jurisdiction does not exclude that of the General Sessions.*

Section 53 of the charter of the village of Hornellsville (chap. 288 of 1867), as amended by chapter 154 of 1872, provides that the police justice of the village shall have and exercise, within its limits, "all the powers and duties now by law given to a justice of the peace or two justices of the peace of towns, or to courts of special sessions, except as to civil actions and except as hereinafter provided. He shall have exclusive jurisdiction in all criminal cases, proceedings, complaints or examinations which could be heard, tried or examined or passed upon by a justice of the peace or two justices of the peace of towns, or by courts of special sessions, where the act, crime, misdemeanor or felony complained of, or which is the subject of such case, proceedings, complaint or examination was committed within the limits of said village:"

*Held,* That the act did not deprive the Court of General Sessions of the county of jurisdiction to try an indictment for a misdemeanor committed within the said village, which had been found in the Court of Oyer and Terminer, and sent to the Court of General Sessions for trial.

WRIT of error to the Court of Sessions of the county of Steuben to review the conviction of the plaintiff in error of a violation of the excise law.

*Daniel L. Benton*, district-attorney, for the people.

*George B. Bradley*, for the plaintiff in error.

MULLIN, P. J.:

The plaintiff in error was indicted in the Steuben Oyer and Terminer for a violation of the excise law. He pleaded not guilty and the indictment was then sent to the Court of Sessions, and was tried in that court in June, 1881.

Upon the trial the sale of liquor by the plaintiff in error was proved. Upon the part of the accused it was proved that the village of Hornellsville was a part of a town of that name in said county, and by the charter of said village one of the officers thereof was a police justice who had exclusive jurisdiction in all criminal cases arising in the village which are cognizable in a court of a justice of the peace or in courts of special sessions in this State.

By section 53 of an act (chap. 288) passed in 1867, as amended by chapter 154 of 1872, the foregoing section was amended by providing that the police justice should " exercise within the limits of said village all the powers and perform all the duties now by law given to a justice of the peace, or two justices of the peace of towns, or to courts of special sessions, except as to civil actions, and except as hereinafter provided." It was further provided that said justice should " have exclusive jurisdiction in all criminal cases, proceedings, complaints or examinations which could be heard, tried or examined or passed upon by a justice of the peace or two justices of the peace of towns, or by courts of special sessions, where the act, crime, misdemeanor or felony complained of, or which is the subject of such case, proceeding, complaint or examination, was committed within the limits of said village."

It was shown that there was a police justice in said village at the time of the sale of the liquor.

Upon the close of the evidence the counsel for the plaintiff in error moved that the plaintiff be discharged on the ground that said court had not jurisdiction to try said plaintiff upon said indictment; that the police justice of said village had exclusive jurisdiction to try said indictment. The court denied the motion and the counsel for plaintiff in error excepted to the decision.

The said counsel also moved the court to direct the jury to render a verdict in favor of the plaintiff in error, which motion was also denied and the counsel excepted.

The district attorney then moved the court to direct a verdict of guilty against the plaintiff in error. The counsel for the plaintiff objected to such instruction. The objection was overruled, and the jury in conformity to the direction of the court rendered a verdict of guilty of the offense charged in the indictment. A writ of error was then sued out and the further proceedings in said Court of Sessions stayed.

I entertain no doubt but that the provisions of the charter of Hornellsville take away from the justices of the peace of said town the power to issue process for the arrest of persons charged with crime committed in said village, and to examine them in reference to said charge, and vest the power exclusively in the police justice. But it does not necessarily follow that the power to arrest, try and punish persons found guilty of crime within said village is taken from the Court of Sessions of the county of Steuben.

No reason is perceived why a court of general criminal jurisdiction, proceeding according to the course of the common law, should be deprived of the power to hear, try and determine concerning all offences committed within its county. At all events it should not be held to be deprived of its jurisdiction unless the intention to do so is clearly manifest.

It may well be that the power referred to should be taken from justices of the peace and courts of special sessions, but no reason is perceived why it should be taken from the Court of General Sessions.

The views of the county judge are it seems unanswerable, and the judgment, for the reasons stated by him, should be affirmed.

HARDIN, J. :

Section 6 of article 1 of the Constitution of this State declares that no person shall be held to answer for a capital or otherwise *infamous* crime * * * unless on presentment or indictment of a grand jury. A felony is an infamous crime. (2 R. S., 702, § 31 ; *People* v. *Van Steenburgh*, 1 Park., 45.) Section 26 of article 6, declares " courts of special sessions shall have *such* jurisdiction of

offences of the grade of misdemeanors as may be prescribed by law."

Under this section the legislature passed chapter 390 of the Laws of 1879, conferring exclusive jurisdiction in the first instance to hear and determine "charges therein enumerated." That statute received judicial construction in the Court of Appeals in the case of *Ryan* v. *The People* (79 N. Y., 593), and the conclusion was there reached that it did not oust courts of sessions of jurisdiction to try and determine pending indictments for charges or offenses of assault and battery not alleged to have been committed riotously. And in *Gardner* v. *The People* (62 N. Y., 305), it was held that chapter 337 of the Laws of 1855, did not take away the' power from the Court of Oyer and Terminer, or jurisdiction to try an indictment for a misdemeanor, and that the language of the act could be satisfied by holding that the *preliminary charges*, such as are made before a committing magistrate were the "complaints," of which special sessions are declared by that act to have exclusive jurisdiction. (*People* v. *Kennedy*, 2 Park. Crim. R., 312.)

Can the language of the charter of Hornellsville, found in section 53 (as amended by chap. 154 of the Laws of 1872), " be satisfied by construing it so that the power or jurisdiction of an Oyer and Terminer or Court of Sessions in such county shall not be denied." The section declares the police justice shall reside in the village — and "he shall have and exercise within the limits of said village, all the powers and duties now by law given to 'a justice of the peace or two justices of the peace of towns, *or to courts of special sessions*, except as to civil actions, and except as hereinafter provided. He shall have exclusive jurisdiction in all criminal cases, proceedings, complaints or examinations which could be heard, tried or examined or passed upon by a justice of the peace, or two justices of the peace of towns or by courts of special sessions, where the act, crime, misdemeanor or *felony* complained of, or which is the subject of such case, proceeding, complaint or examination was committed within the limits of said village, and it shall be his duty to discharge such duties during his term of office."

We cannot suppose the legislature intended to confer exclusive jurisdiction upon the police justice over " a felony complained of," as the section of the Constitution we have quoted would stand in

the way of such an enactment, and a construction in that regard must be preferred which would be in favor of the validity of the act. We think the "felony complained of," as well as the act, crime or misdemeanor intended, is the crime, act or misdemeanor or felony, made the subject of a charge, a complaint before the police justice, as a committing magistrate in contradistinction from these acts, crimes, misdemeanors or felonies, which may be presented to, and are in the first instance presented to a grand jury, to a Court of Sessions, to an Oyer and Terminer.

The object of the statute was rather to exclude in the village limits the action of other committing magistrates, and to impose upon the police justice within the corporate territory all the duties enumerated, which, except for the excluding words as to jurisdiction, might have been performed by other officers as committing magistrates, in respect to the acts, crimes, misdemeanors and felonies complained of before any such officers within the prescribed limits.

Thus construed, the act is valid in all its parts, and does not violate the provisions of the Constitution to which we have referred. The language employed in chapter 47 of the Laws of 1870, conferring exclusive jurisdiction upon courts of special sessions, "to hear, try and determine charges for crimes and offenses," differs from the language found in the act now before us for construction. The legislative intent was made clear by the words used.

It was therefore held in *People* v. *Rawson* (61 Barb., 620) that when a charge of petit larceny was made before a magistrate, that he had exclusive jurisdiction to try it, and that a conviction thus had was valid, and under a law clear in its intent and constitutional in its purpose.

In *Devine* v. *People* (20 Hun, 98) a charge of petit larceny was made before a magistrate, the plea of not guilty was entered and two adjournments had, and on appearing on the last adjourned day "he (the accused) stated that he would waive an examination and offered bail for his appearance to answer any indictment to be found against him by the grand jury." The magistrate denied the application under chapter 390 of the Laws of 1879, and a trial was had and he was convicted.

The third department by a divided court held, first, that the prisoner had waived his right to have an examination and give bail;

and, second, that the three hundred and ninetieth chapter of the Laws of 1879 is valid and constitutional.

In *People ex rel. Comaford* v. *Dutcher* (20 Hun, 241) the second department held that chapter 390 of the Laws of 1879 is valid.

We find nothing in those cases calling upon us to so construe the Hornellsville charter, as that it shall deny to courts of Oyer and Terminer and Courts of Sessions in Steuben county jurisdiction to try and determine offenses of the grade of misdemeanors committed in said village, when there has been no charge, complaint or examination before the police justice. The conviction upon the indictment found in the Oyer and Terminer, and removed and tried in the Sessions, was regular and must be affirmed.

Conviction and judgment affirmed, and proceedings remitted to the Court of Sessions of Steuben county, with directions to proceed thereon.

SMITH, J., concurred.

Conviction and judgment affirmed, and proceedings remitted to the Court of Sessions of Steuben county to proceed thereon.