CHRISTIAN KOBER, RESPONDENT, v. MARCUS MILLER, APPELLANT.

*Witness — he cannot be asked whether he was ever indicted.*

Upon the trial of an action to recover damages for injuries to property alleged to have been occasioned by the defendant's negligence, he was asked upon his cross-examination, and compelled against his objection and exception, to answer in the affirmative the question, "have you ever been indicted?" *Held,* error.

*Ryan* v. *People* (79 N. Y., 593) followed.

APPEAL from a judgment, entered in the Chemung County Court for $266.90. The action was brought to recover for the value of plaintiff's team, loaned to defendant to work for the city of Elmira, which was alleged to have been killed while so at work through the negligence of defendant and his servants.

There was a question of fact at the trial in regard to the alleged negligence. Upon the trial the defendant was a witness in his own behalf and gave evidence upon the principal issues in the action. In the course of the cross-examination the defendant was asked, "have you ever been indicted?" This was objected to as incompetent, and the objection overruled to which the defendant excepted. Witness answered "yes;" and he was then asked how many times, and answered "probably two times."

*Brown & Baxter,* for the appellant.

*John T. Davidson,* for the respondent.

HARDIN, P. J.:

When the County Court allowed the question to be put to the defendant as to whether he had been indicted, an error was committed, such evidence was not competent, which the defendant was compelled by the ruling to give. The answer may have impaired the witness before the jury to such an extent, that the jury wholly disbelieved the witness. The ruling is condemned by the decision of the Court of Appeals in *Ryan* v. *People* (79 N. Y., 593; *People* v. *Irving,* 95 id., 544; *People* v. *Noelke,* 94 id., 143). There was a dissenting opinion in that case and a reference in it to

*Southworth* v. *Bennett* (58 N. Y., 659). But the majority decision made by the court condemns the ruling. We must follow the majority decision as well other cases in point. (*People* v. *Crapo*, 76 N. Y., 288; S. C., 15 Hun, 269; *Wright* v. *People*, 16 Weekly Dig., 269.) The respondent suggests that the case in 58 New York (*supra*) was a civil one, and that *Ryan* v. *People* was a criminal one, and that both cases may stand, one giving a rule in a civil case and the other giving a different rule in a criminal case. That distinction was not pressed in the dissents in *Ryan* v. *People*. We do not think it sound.

In civil and in criminal cases the rules of evidence so far as they bear upon the proper mode of impeaching or discrediting a witness are alike. No sound reason can be given for a distinction. Regarding *Ryan* v. *People* as precisely in point, it is our duty to apply it to the ruling now before us and to declare that the County Court fell into an error. We cannot say that the error worked no harm.

Judgment of the County Court of Chemung county reversed and a new trial ordered in that court, with costs of this appeal to abide the event.

BOARDMAN and FOLLETT, JJ., concurred.

Judgment of the County Court of Chemung county reversed and a new trial ordered in that court, with costs to abide the event.