HIRSCHMAN v. COHN et al.

(Supreme Court, Appellate Division, First Department.    March 10, 1899.)

1. WITNESSES—IMPEACHMENT—PROOF OF INDICTMENT.
    A witness cannot be impeached by compelling him to answer that he
    is the defendant named in an indictment which counsel declares he holds
    in his hands.

2. SAME—FAILURE TO OFFER INDICTMENT.
    Error in compelling a witness to state whether he is the defendant
    named in a certain indictment is prejudicial, though the indictment was
    not read in evidence.

3. SAME.
    The error is prejudicial, even though the witness, after admitting that
    he is the person named in the indictment, says that he did not state that
    he was ever indicted.

Appeal from trial term, New York county.

Action by Stephen D. Hirschman against Jacob Cohn and others.
From a judgment for plaintiff, and from an order denying a new
trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
PATTERSON, and INGRAHAM, JJ.

Mark Cohn, for appellants.
David Bandler, for respondent.

PATTERSON, J.    The judgment in this action must be reversed
for an error in the admission of evidence, affecting the credibility
of the witness upon whose testimony the establishment of the defense
almost entirely depended. The action was against the defendant
Cohn, the maker, and the defendants Emanuel Hein and Jennie Hein
(co-partners), the indorsers, of a promissory note for $5,000, payable
four months after its date. It was in evidence that this note was dis-
counted by the plaintiff. Cohn and Jennie Hein answered. Emanuel
Hein was not served with process. The defense was usury. On the
trial the affirmative was taken by the defendant, and Emanuel Hein
was called as a witness to prove the alleged usury. It was he who
negotiated the transaction with the plaintiff. He swore that an
agreement was made by which he was to procure a note from Cohn,
which was to be indorsed in the firm name of Hein & Co., and that

the plaintiff was to discount it, as he had discounted previous notes, at the rate of 7 per cent., and that the note was so discounted, the plaintiff retaining, from the amount of the note, interest at the rate of 7, instead of 6, per cent. Hein also testified that, in completion of the transaction, he received from the plaintiff three checks on the 3d of June, 1895,—one for $883.33, dated June 1, 1895, which he exchanged on June 3d or 4th with one Isaacs; another dated June 1, 1895, for $2,500, which he gave to Isaacs in part payment of an antecedent indebtedness; and another dated June 4, 1895, for $1,500, which he sent to Albany, to the defendant Jennie Hein, on June 3d. The aggregate of these checks being deducted from $5,000, the face of the note, would show that Hein was given $16.67 less than the proper avails of a note for $5,000 at four months, discounted at the rate of 6 per cent. The testimony of this witness directly established, if the jury believed it, a corrupt agreement for usury. The position of the plaintiff upon the facts of the case was that, on the 1st of June, the plaintiff advanced to Emanuel Hein, for Hein & Co., a check for $883.33, and also a $2,500 check; that thereafter, and on June 3d, Hein for the first time produced the note of Cohn, which the plaintiff then agreed to take at 6 per cent., applying thereon the checks already given, and the $1,500 check, and paying in money to Hein $16.67. All the proof in the case respecting an agreement to take more than lawful interest was made by the testimony of Hein, on the one hand, and the plaintiff, on the other. It was for the jury to say which of these persons they would believe.

It was, of course, competent for the plaintiff to impeach the witness Hein; but the method resorted to was improper. Hein had testified that at one time he had been in the employ of Bloch & Co., and on his cross-examination he was asked by the plaintiff's counsel:

"Q. Are you the Emanuel M. Hein described in the indictment that I hold in my hand (indicating paper), entitled 'The People against Emanuel M. Hein,' at the complaint of Louis Bloch, of 41 Great Jones street? (Objected to as incompetent, improper, irrelevant, immaterial, inadmissible for any purpose whatever. Objection overruled. Exception.) A. Yes, sir. Q. And the Mr. Bloch mentioned there as the complainant in this indictment was your employer, that you spoke of when you spoke of the firm of Bloch & Co., by whom you were employed as salesman? (The objection was repeated, the same ruling was made, and exception taken.) A. Yes, sir."

The plaintiff's counsel then asked that the indictment be marked for identification. The witness subsequently said, "I did not state that I was ever indicted."

This mode of attacking the credibility of a witness has been condemned time and again. The fate of the case upon the nature of the agreement as to the discount depended upon the acceptance or rejection by the jury of the statement of this witness, and here was a deliberate attempt to get before the jury that which would naturally prejudice them against the witness, namely, the fact that an indictment had been found against him by the grand jury on the complaint of a person who had employed him. That the indictment was not read in evidence can make no difference, and that the defendant subsequently remarked that he did not state that he was ever indicted cannot affect the question. He had been compelled to answer that

he was the person named in the indictment which counsel declared he held in his hand, which indictment was against him (Emanuel M. Hein), and was found at the complaint of Louis Bloch, who had been his employer. It is unnecessary to say anything further upon this subject than to quote from the case of Van Bokkelen v. Berdell, 130 N. Y. 145, 29 N. E. 255:

"The defendant, upon his cross-examination, was asked if he was under indictment for perjury. This question was objected to, the objection was overruled, and an exception taken. He was compelled to answer that he had been told so, but that he had not seen the papers. While a witness may be discredited by showing his conviction for an offense, we do not understand it to be competent to discredit him by showing that he has been indicted. People v. Crapo, 76 N. Y. 288; Ryan v. People, 79 N. Y. 593; People v. Noelke, 94 N. Y. 137–144; People v. Irving, 95 N. Y. 541–544."

The judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.