## SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

### May 2, 1923.

## THE PEOPLE v. HAROLD LATSHAW.

### (205 App. Div. 449.)

(1) ATTEMPTED GRAND LARCENY—SECOND DEGREE BASED ON ALLEGED AT
TEMPT TO STEAL FROM POCKET.

· Though the evidence on this prosecution for attempted grand larceny
in the second degree based on an alleged attempt by the defendant
to pick a pocket was not clear and convincing, it was not so weak as
not to support the verdict of conviction.

(2) SAME—EVIDENCE THOUGH WEAK SUFFICIENT TO SUPPORT CONVICTION.

Errors which may be harmless in a case where the proof is clear
and cogent, become material and substantial where the evidence is
weak and unsatisfactory and may in themselves be sufficient to turn
the scales against a defendant and induce the rendering of a verdict of
conviction.

(3) SAME—TESTIMONY AS TO CONDUCT OF DEFENDANT ON LATER OCCASION
ERRONEOUSLY ADMITTED AND WAS PREJUDICIAL THOUGH NOT OBJECTED TO.

It was error for the court to admit testimony that on an occasion
two weeks after the commission of the crime charged the witness lost
or was robbed of a few dollars in the same neighborhood in which the
present crime was alleged to have been committed, and testimony by a
detective that he arrested the defendant on the same day because of
suspicious actions which he described in his testimony. Though this
testimony was not objected to by the defendant's counsel, it was
nevertheless prejudicial to the defendant.

(4) SAME—ERROR TO PERMIT DISTRICT ATTORNEY TO ASK DEFENDANT
WHETHER HE HAD BEEN ARRESTED FOR PICKING POCKETS ON ANOTHER
OCCASION.

It was error to permit the district attorney to ask the defendant if
he was not arrested on a charge of picking a man's pocket on a prior
occasion, since, for the purpose of attacking the defendant's credibility
as a witness, facts and not mere accusations must be inquired about.

(5) SAME—CONVICTION REVERSED.

In view of the several errors and others not so important and of the
weak character of the evidence against the defendant, the judgment of
conviction should be reversed.

APPEAL by the defendant, Harold Latshaw, from a judgment of the County Court of the county of Erie, rendered against him on the 26th day of May, 1922, convicting him of the crime of attempted grand larceny in the second degree.

*Thomas J. McKenna,* for the appellant.

*Guy B. Moore, District Attorney (John J. Kane,* of counsel), for the respondent.

CROUCH, J.:

The appellant was indicted and convicted of the crime of attempted grand larceny in the second degree, committed in an attempt to pick a pocket. The material evidence for the prosecution was given by one witness, who said she saw the defendant, then in company with two other men, put his hand into the pocket of Marie Sweeney; and by another witness, who said he saw someone put his hand into the pocket of a girl at the same time and place, but does not identify either the girl or the defendant. On behalf of the defendant there is his own testimony that on the afternoon in question he was at a theatre and afterwards at a restaurant with a young woman, and there is the testimony of the young woman and a waiter in the restaurant, tending to support his story. The case against the defendant was, therefore, not strong, yet it cannot be said to have been so weak as not to support the verdict. In such a situation, errors, harmless enough where the proof is clear and cogent, become material and substantial, and may in themselves be sufficient to turn the scales against a defendant. (People v. Hinksman, 192 N. Y. 421, 428.)

One witness was permitted to testify to an occasion two weeks after the commission of the crime alleged in the indictment, when she lost or was robbed of three dollars somewhere in the general neighborhood involved herein; that was coupled with the testimony of a detective that he arrested defendant on

the same day because he thought defendant's actions suspicious; and witness was permitted to describe the actions of defendant and companions which seemed to him to be suspicious. It is difficult to see either the relevancy or competency of all that evidence. If it related to a crime at all, it was to another and entirely distinct crime, having no connection with the crime charged in the indictment. It subjected defendant to prejudice and to accusations not connected with the charge at issue. (People v. Richardson, 222 N. Y. 103.) It is true that it was not objected to, owing, perhaps, to the inexperience of defendant's counsel, but it was none the less prejudicial.

The defendant, who testified in his own behalf, was at one point cross-examined as follows: " Q. And you were arrested for going into a man's pocket, attempting to steal from him on September 15th, 1921, out in Lackawanna, N. Y., were you not; there were four of you and one of you went over, and the rest of you got out of that at that time, out to Lackawanna? Mr. McKenna: Now, if the Court please, I object to that form of question, whether he was arrested or taken in custody. Mr. Kane: I didn't ask him if he was arrested. The Court: No, you look at the case of The People against Hinksman (192 N. Y. 133) (sic), and you can find out that you can ask a man most anything on cross-examination when the defendant who is on trial takes the stand. Q. Is that right? A. I was discharged, yes, sir. * * * Q. So there were four of you, and one of you was not discharged, and the other three of you got out of it, is that right? A. I was discharged. Q. You are not answering my question. The Court: No, answer this question. Q. There were four of you, and one was convicted out there, and you and the other two got out at that time? A. Yes."

Neither People v. Hinksman (supra) nor any other case of which we have knowledge is authority for that cross-examination. It is true that when the defendant offered himself as a witness his credibility was open to attack. He could be cross-

examined as to specific acts. He might be compelled to disclose any vicious or criminal act of his life legitimately tending to discredit him, unless he pleaded his privilege; but facts, and not mere accusations, must be inquired about (People v. Crapo, 76 N. Y. 288), and an indictment, much more an arrest, is a mere accusation. (Ryan v. People, 79 N. Y. 593; People v. Irving, 95 id. 541, 544.)

There were other and less important errors which need not be specifically adverted to. Taken altogether, they may very well have been harmful to the defendant, and constitute grounds for reversing the conviction.

In addition to the evidential errors, it is urged that the attitude of the trial judge during the course of the trial was hostile and highly prejudicial to the defendant. If that was so, there was much to provoke it in the attitude and conduct of defendant's counsel. In view of the result already reached, it is not necessary to go into the details of this phase of the case.

The judgment of conviction should be reversed and a new trial granted.

All concur; DAVIS, J., in result.

Judgment of conviction reversed and new trial granted.

## NOTE ON POCKET PICKING — PENAL LAW, § 1296.

A person who is seen passing among people gathered in a crowded market and is observed to thrust his hand into another person's pocket and bring it out empty, is guilty of an attempt to commit larceny in the second degree. People v. Moran, 123 N. Y. 254 reversing 54 Hun 279.

So, one who steals money and property from the person of another is guilty of a violation of Section 1296, Penal Law. People v. Madden, 120 App. Div. 338. People v. Stein, 80 App. Div. 357.