Paige, J.
The only question raised on the trial was, whether the plaintiff had himself been guilty of negligence, and thereby contributed to the injury he sustained. This was a question of fact for the jury. (2 Am. Railway Cases *381 382; 3 Kern., 129; 13 Peters, 181.) This question was complicated with two others, viz: whether the alleged negligence of the plaintiff did not occur in an effort to extricate himself from the peril in which he was placed; and whether he was not placed in such peril by the negligence and carelessness of the defendant’s servant. These questions were questions of fact for the jury; and there being evidence on both sides, and no misdirection of the judge who tried the cause, the Superior Court decided correctly in refusing a new trial. The judge who tried the cause would have erred if he had taken the cause from the jury and dismissed the plaintiff’s complaint. (7 Cow., 202; 4 Wend., 423; 7 Barb., 271.) I do not think that the provision of the Revised Statutes, in relation to the meeting of persons traveling with carriages on any turnpike road or public highway, applies to the meeting of carriages in the streets of a city (1 R. S., 695, § 1, 1st ed.), and if it did, it does not appear in this case whether the east track of the defendant’s railroad, on which the plaintiff was driving, lies east of the centre of the street.
Denio, C. J.
The only exception in the case is that taken to the refusal of the court to nonsuit the plaintiff after he had rested. The motion was not placed on the ground that the plaintiff had not shown negligence on the part of the defendant, but on the ground that the plaintiff’s own negligence had concurred with that of the defendant to produce the injury. The only negligence of the defendant, indicated by the evidence, consisted in the speed at which the car was driven. One of the plaintiff’s witnesses thought it was passing at the rate of eight or ten miles an hour. As the defendant’s counsel did not, upon the motion, contest the allegation of negligence by the defendant, and as that negligence consisted of the rate of speed of the defendant’s train, we must assume that the car was being driven at an immoderate and unsafe rate upon this crowded thoroughfare. This is *382 important to be remembered while we are endeavoring to ascertain whether the plaintiff was culpable or no,t. It is argued, in the first place, that the plaintiff had no right to be with his cart where he was. He was driving towards the south, upon the easterly track. The defendant’s car was proceeding north, upon the same track. The defendant relies upon the statute, which declares that when persons traveling in carnages .shall meet on a road or highway they shall seasonably turn then carriages to the right of the centre of the road, so as to permit such carriages to pass without interference or interruption. (1 R. S., 695, § 1.) The plaintiff did not turn soon enough to prevent a collision, and when he did turn it was to the left and not to the right. I am of opinion that this statute has no application to the meeting of railroad cars with common vehicles. The 'former run in a grooved track, and cannot turn to the right or to the. left. The statute refers to cases where there is an equal ability in the carriages which are about to meet, commensurable with the mutual obligation which the statute imposes. The cart or carriage about to meet a railroad car must yield the whole track, but I do not see that there is any greater obligation to turn upon the right side than upon the left. The evidence is that, in this instance, the right side was so incumbered with other carts that there was no room to turn- in that direction. There was nothing wrong then in the plaintiff’s attempting to turn off towards the left. Besides, by turning to the left, he could go into King-street, which was his destination.
Where railroads are laid. lengthwise upon. a street or highway, it is not .unlawful for common vehicles to travel upon the track, across.it or lengthwise. The company has the exclusive right to the track which its cars are passing, but its right is -not otherwise exclusive. -Other carriages must keep out of the way of the cars, and if they are hit, when the latter are proceeding at a reasonable and lawful speed, and with all such care as, considering the subject *383 can reasonably be used, they cannot maintain an action against the company. But they have no right to drive immoderately, and it is in the highest degree dangerous for them to do so. Still, if they offend in that respect, and the driver of a common carriage will negligently or wilfully place himself or remain in their path he has no right to claim ^"images., It is not, however, unreasonable for the private traveler to assume that the railroad car will be driven moderately and prudently. He can calculate distances and the time required to effect his own change of position, in order to prevent injury in such cases. But if he encounter a car driven furiously through a crowded street, and makes a mistake as to time in attempting to get out of the way, culpable negligence is not necessarily to be imputed to him. This was the plaintiff’s case. He had turned his cart at a right angle with the track, and was driving off, but the cart was hit within about six inches of its hinder end. A few seconds more would have placed him out of danger. The defendant was clearly in the wrong. Whether the plaintiff was also in the wrong, by unreasonably delaying to turn out, was a question for the jury. It may be that this collision resulted wholly from the defendant’s rapid driving. We cannot pronounce as matter of law that the plaintiff was guilty of negligence in not turning out earlier.
I think the nonsuit was properly denied, and that the judgment should be affirmed.
Comstock and Brown, Js., did not hear the argument, All the other judges were in favor of affirmance.
Judgment affirmed.