SARAH BRANDON, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

Where upon the trial of an indictment, the prisoner offers himself as a witness and testifies in his own behalf under the statute of 1869, he thereby becomes subject to the same rules and is called upon to submit to the same tests which are legally applied to other witnesses.

Accordingly, where the plaintiff in error, on her trial for grand larceny, was sworn as a witness in her own behalf, and, on her cross-examination, was asked, " Have you ever been arrested before for theft?" and the question was objected to as an attack upon her character, which she had not herself put in issue.—*Held*, that the question was a proper one; and, no suggestion of privilege having been made, the objection was properly overruled.

(Argued March 22d, 1870; decided June 21st, 1870.)

ERROR to the Supreme Court at General Term, in the first judicial district, to review the judgment of that court affirming the conviction of the plaintiff in error, by the court of General Sessions of the city and county of New York, on an indictment for grand larceny.

The prisoner was tried at the December term of the General Sessions of the city of New York, in 1869, upon an indictment for larceny. Evidence was given tending to prove the commission of the offence, and the people rested. The

defendant was then herself placed upon the stand as a witness, by her own counsel, under the act of May 7, 1869, which made the person charged with the commission of crime, a competent witness, on the trial of the indictment against him. (Laws of 1869, chap. 678.) The defendant in her evidence denied the commission of the crime. On cross-examination the following question was put to her by the district attorney: "Have you ever been arrested before for theft? Defendants counsel: I object to that question. The district attorney has no right to attack this woman's character, the prisoner not having put her character in issue." The objection was overruled, and she answered in the affirmative. She was convicted. The conviction was affirmed in the General Term of the first district, and she now brings a writ of error to this court.

*William F. Kintzing*, for the plaintiff in error, cited *Lohman* v. *People* (1 N. Y., 385); Cook's case, 4 State Trials, 748; *People* v. *Bodine* (1 Den., 291); *People* v. *White* (24 Wend., 520); 22 id., 167; 14 id., 112; *Com.* v. *Hardy* (2 Mass., 317); 3 Greenl. Evi., § 25; 1 Phil. Evi., 145, 177; 2 id., 459; 1 Whart. Am. Cr. L., 5th ed., 824; *Ackley* v. *People* (9 Barb., 609); *State* v. *O'Neill* (7 Iredell, 251); *People* v. *Lamb* (2 Keyes, 378); *Mulligan* v. *People* (5 Park Cr. R., 105); *Fry* v. *Bennett* (3 Bosw., 242); *Berry* v. *State* (10 Geo. R., 511); *Conrad* v. *Williams* (6 Hill, 444).

*Samuel B. Garvin*, district attorney, for the defendant in error, cited *Great Western Co.* v. *Loomis* (32 N. Y., 127); *La Barr* v. *People* (34 N. Y., 223); *People* v. *Fallon* (6 Park. Cr. R., 256).

HUNT, J. The question complained of was put to the witness for the purpose of impairing her credibility as a witness. It has been the practice of the courts of this State, from a very early period, to permit questions of this character to be put to the witness, and for the purpose indicated. (1 Denio,

280; 4 id., 502; 6 Hill, 144.)   Its abuse is guarded against
in two modes.   1. By the privilege of the witness to decline
to answer any question which may disgrace him, or may
tend to charge him as a criminal.   2. By the power of the
court of its own motion to prohibit an unreasonable or oppres-
sive cross-examination.   In *The Great Western Turnpike
Company* v. *Loomis* (32 N. Y., 127), it was earnestly con-
tended that the court had no power itself to exclude such
evidence, and that it could only be excluded where the wit-
ness claimed his privilege.   It was held, that the court could
exercise the power in its discretion.   The evidence was con-
ceded to be competent in its character, the question being
simply, as to the extent to which it should be carried.   In
his points, the counsel for the plaintiff in error, in the case
now before us, concedes this authority, but contends, "that
this discretion has been abused to such an extent as to justify
the court in interfering, and also that the rule is changed in
cases where the party is a witness in his own behalf."   The
suggestion of an abuse of authority is entitled to no considera-
tion on the facts.   I do not inquire, therefore, whether we
have power to consider the question of abuse under any cir-
cumstances, or in what manner.

The defendant invokes the aid of the legal principle, that
on a criminal trial, the character of the defendant cannot be
attacked by the public prosecutor, unless the defendant him-
self first draws it into controversy, and that although the
defendant here may have been a thief, she is nevertheless
entitled to be judged by the same rules of evidence and of
law, which are applied to the most virtuous person.   These
principles are quite correct.   (1 Wharton Am. Cr. Law, 5th
ed., p. 824; 5 Parker Cr. R., 105.)   The defendant, how-
ever, appeared before the court below in a double capacity,
that of an accused party on trial, and that of a witness.   As
an accused party on trial, she was entitled to the application
of the rule, that her character could not be attacked, unless
she herself opened the question.   She had the benefit of it,
as the district attorney opened and closed his case with it

allusion to her character. She however chose to avail herself of the statute of 1869, which permitted her to make herself a " competent witness" in the case. She was not compelled to take this position, the statute declaring that the failure to testify should not create any presumption against her. (Stat. *supra.*) She elected, however, to make herself a witness. She became and was a competent witness. For this purpose, she left her position as a defendant, and while upon the stand, was subject to the same rules, and called upon to submit to the same tests which could by law be applied to other witnesses. Her statements were made to the jury under the solemnity of an oath. In theory of law, this gave greater weight to her narration than if she had placed her simple declaration before the jury, unaccompanied by her oath. She cannot claim the advantages of the position of a witness, and at the same time avoid its duties and responsibilities. If one so testifying should testify to a willful falsehood on a material point, I cannot doubt that the offence would be perjury. The character of party in the same cause would afford no defence to such an accusation. In the minor effect of being subject to a like cross-examination with other witnesses, the rule is the same. The question was a proper one, and no suggestion of privilege being made, the objection was properly overruled.

The question in *Newcomb* v. *Griswold* (24 N. Y. R., 298) was entirely different from the present. There was no question of an actual conviction here, and the point whether the offence could be proved by a verbal answer, or whether the record should be introduced, did not arise. The defendant was inquired of simply whether she had before been arrested for theft. Neither was the attention of the court or the opposite counsel called to the question of the manner of proof, by record or otherwise.

The judgment should be affirmed.

INGALLS, J. By the following statute, passed May 7th, 1869, the plaintiff in error was rendered a competent witness in her own behalf:

"SECTION 1. In the trial of all indictments, complaints, and other proceedings, against persons charged with the commission of crimes or offences, and in all proceedings, in the nature of criminal proceedings, in any and all courts, and before any and all officers, and persons acting judicially, the person so charged shall, at his own request, but not otherwise, be deemed a competent witness. But the neglect or refusal of any such person to testify shall not create any prejudice against him."

When the plaintiff in error voluntarily availed herself of the benefit of this statute, by becoming a witness, she became subject to the same rules of examination as any other witness.

The following question was put to the witness on cross-examination: "Have you ever been arrested before for theft?" The counsel for the prisoner objected to the question on the ground, that the district attorney had no right to attack the character of the prisoner, she not having put her character in issue. The objection was overruled, and the counsel for the prisoner excepted. The question was one which the court, in the exercise of its discretion, had a right to allow to be put and answered. (*Le Beau* v. *The People,* 34 N. Y., 223 ; *G. W. T. Co.* v. *Loomis,* 32 id., 127.) The witness did not claim that she was privileged from answering the question, on the ground that it would tend to disgrace her. Hence the case, cited by the counsel for the plaintiff in error (*Lohman* v. *The People,* 1 N. Y., 380), does not apply to this case. I perceive no ground for disturbing the decision of the General Term. The judgment should be affirmed, and the record and proceedings remitted to the court of General Sessions of the city and county of New York.

LOTT, J., was also for affirmance, on the ground that the objection did not raise the point that the record should be proved.

All for affirmance. Judgment affirmed.