JOHN CONNORS, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

The prohibition of the Constitution of the State against compelling an accused person to be a witness against himself (Const., art. 1, § 6) may be waived by him, and is waived by his consenting to be a witness in his own behalf under the act of 1869, in relation to evidence in criminal prosecutions (chap. 678, Laws of 1869), and he thereby subjects himself to the same rules and tests applicable to other witnesses.

(Submitted May 3, 1872; decided November 12, 1872.)

ERROR to the General Term of the Supreme Court in the first judicial department, to review judgment of that court affirming judgment of the Court of General Sessions of the Peace in and for the city and county of New York, entered upon conviction under an indictment for an assault with intent to kill.

The plaintiff in error was tried at the March term of the Court of General Sessions, in 1872, in the city of New York, upon an indictment for a felonious assault and battery, in stabbing one Michael Gibney with a knife, with intent to kill; the jury acquitted of the principal charge, and convicted under the indictment of an assault with a sharp and dangerous weapon, with intent to do him bodily harm, whereupon he was sentenced to be imprisoned in the State prison for the term of three years and six months.

The accused availed himself of the benefit of the act of 1869, and became a witness in his own behalf. Upon cross-examination he was asked the following question: How many times have you been arrested? His counsel objected, that the district attorney has no right, on a cross-examination, to ask the witness any questions at all, under the provisions of article 1, section 6, of the Constitution, "that no man can be compelled to be a witness against himself." Objection overruled. The question was not answered. He was then asked by the court: Were you arrested before? Objected to; objection overruled; exception. Answer: Yes, sir.

*William F. Kintzing* for the plaintiff in error. The court erred in compelling plaintiff in error to answer upon cross-examination. (State Const., art. 1, § 6; *People* v. *Hackley*, 24 N. Y., 74; *People* v. *Goodwin*, 18 J., 202; *People* v. *Mather*, 4 Wend., 229.) The questions asked were as to new matters, and he became a witness for the people. (*Carpenter* v. *Ward*, 30 N. Y., 243; *Newcomb* v. *Griswold*, 24 id., 299; *Lawrence* v. *Baker*, 5 Wend., 301; *Harris* v. *Nelson*, 7 id., 57; *Howard* v. *City Fire Ins. Co.*, 4 Denio, 50; *Stephens* v. *The People*, 19 N. Y., 572.

*John R. Fellows* for the defendants in error. Plaintiff in error having offered himself as a witness, was subject to the same rules as other witnesses. (*Brandon* v. *People*, 42 N. Y., 265; *Ruloff* v. *People*, 45 id., 213, 221; *McGary* v. *People*, 2 Lansing, 227; 35 Cal., 96; *People* v *Reinhart*, 39 id., 449; *Hackley* v. *People*, 24 N. Y., 75, 81, 82.)

CHURCH, Ch. J. The question is presented whether a prisoner who is sworn as a witness at his own request can be compelled to answer questions upon his cross-examination, as to facts affecting his credibility, in relation to which he was not questioned on his direct examination.

The question objected to was, "How many times have you been arrested?" It was within the discretion of the court to allow such a question to a witness. It was not claimed to be privileged, but it was objected that the witness was protected from answering it by the constitutional provision "that no person shall be compelled in any criminal case to be a witness against himself." We think the decision of this court in *Brandon* v. *The People* (42 N. Y., 265), should be controlling upon this point.

The question was substantially the same, and although the objection was put upon a different ground, yet the decision was placed upon a principle which disposes of this case. That principle was, that by consenting to be a witness in his own behalf under the statute of 1869 the accused subjected himself to the same rules and was called upon to submit to the same tests which could by law be applied to the other witnesses; in other words, if he availed himself of the privilege of the act, he assumed the burdens necessarily incident to the position. The prohibition in the Constitution is against compelling an accused person to become a witness against himself. If he consents to become a witness in the case voluntarily, and without any compulsion, it would seem to follow that he occupies for the time being the position of a witness with all its rights and privileges, and subject to all its duties and obligations. If he gives evidence, which bears against himself, it results from his voluntary act of becoming a witness, and not from compulsion. His own act is the primary cause, and if that was voluntary, he has no reason to complain.

The point was not made that the whole act of 1869 was unconstitutional, and we are not therefore called upon to decide it, and we disclaim an intention to intimate an opinion in relation to it.

The act is not regarded with much favor by the bench, bar or the people, and whether by its terms it evades the constitutional provision, or in substance and practical effect violates it, is a question which will be considered when it is presented. (*Ruloff's Case*, 45 N. Y., 213.) We think the rule against being a witness is one which may be waived by an accused person and that it does not come within the principle upon which the *Cancemi Case* (18 N. Y., 128) was determined. In order to present the constitutional question, a distinct ruling and exception are requisite.

The judgment must be affirmed.

All concur.

Judgment affirmed.