THE PEOPLE OF THE STATE OF NEW YORK, Plaintiffs in Error, *v.* HARLEY BROWN, Defendant in Error.

Although a person on trial for a criminal offense by taking the stand as a witness may subject himself to the rules applicable to other witnesses, he is not thereby deprived of his rights as a party; his counsel may speak for him while he is a witness, and an error committed by the court against him may inure to his benefit as a party.

*It seems* that the cross-examination in such case should in general be limited to matters pertinent to the issue, or such as may be proved by other witnesses.

Upon the trial of an indictment the prisoner, while a witness in his own behalf, was asked upon cross-examination: "How many times have you been arrested?" This was objected to by his counsel upon the ground, among others, that it tended to degrade the witness, and he was privileged from answering. The objection was overruled. *Held*, error; that the objection was valid, was properly taken by the prisoner's counsel, and that the exception to the ruling was available to the prisoner as a party.

*Brandon* v. *The People* (42 N. Y., 265); *Conners* v. *The People* (50 id., 240); *Real* v. *The People* (42 id., 270), distinguished.

As to whether the evidence was competent as bearing upon the credibility of the witness, *quære.*

(Argued February 11, 1878; decided February 19, 1878.)

ERROR to the General Term of the Supreme Court in the fourth judicial department, to review judgment reversing judgment of the Court of Sessions of Ontario county, entered upon a verdict convicting the plaintiff in error of the crime of forgery. (Reported below, 8 Hun, 562.)

The facts pertinent to the question discussed appear sufficiently in the opinion.

*Frank Rice*, for plaintiffs in error. The question to the prisoner on his cross-examination as to how many times he had been arrested was proper. (*People* v. *Le Beau*, 34 N. Y., 223; *People* v. *Real*, 42 id., 270, 280–282; *People* v. *Brandon*, id., 265; *People* v. *Conners*, 50 id., 240; *Southworth* v. *Bennett*, 58 id., 659; *G. W. T'p'ke Co.* v. *Loomis*, 32 id., 127; *Howard* v. *City F. Ins. Co.*, 5 Den., 502.) If

the admission of this evidence was error, it was not available to the prisoner. (*Cloyes* v. *Thayer*, 3 Hill, 564; *Thomas* v. *Newton*, 1 M. & M., 48, note; *Treat* v. *Browning*, 4 Conn., 408; *Southard* v. *Rexford*, 6 Cow., 259; *Marston* v. *Downes*, 1 Ad. & El., 31; 42 N. Y., 265, 268; 50 id., 240.) All the testimony given by the impeaching witnesses was competent and admissible. (*Johnson* v. *People*, 3 Hill, 178; *Wright* v. *Paige*, 3 Keyes, 581.)

*E. W. Gardner*, for defendant in error. The question to the prisoner as to how many times he had been arrested was not proper. (*Jackson* v. *Osborn*, 2 Wend., 555; *Life* v. *Eisenlard*, 32 N. Y., 238; *People* v. *Gay*, 7 id., 378; *Lohman* v. *People*, 1 id., 380; 99 Mass., 420; 1 Best. on Ev., 259; *Elwood* v. *Griswold*, 24 N. Y., 298; 1 Greenl. on Ev., § 457; *Tift* v. *Moore*, 59 Barb., 619.) The impeaching testimony offered by the people was improperly received. (*Douglass* v. *Tousey*, 2 Wend., 354; *People* v. *Mather*, 4 id., 258; 1 Stark. on Ev., 147; 1 Phil. Ev., 212; 1 Greenl. on Ev., § 461; 1 Best. on Ev., § 262; *Phillips* v. *Kingsfield*, 1 Appelton, 375; 1 Greenl. on Ev. [5th ed.], 581; *Johnson* v. *People*, 3 Hill, 178; *Wright* v. *Paige*, 3 Keyes, 581.)

Church, Ch. J. The defendant in error, while upon the stand as a witness in his own behalf, was asked on cross-examination the following question: " How many times have you been arrested ? " This was objected to on the ground that it was incompetent to affect his credibility as a witness; that it tended to degrade the witness; and that he was privileged from answering it, as it had no direct bearing upon any issue in the case; and also upon the ground that better evidence of the fact existed. The court overruled the objection, and the answer was given " five times, I believe."

The General Term held this to be error, upon the ground that it was not competent evidence bearing upon the credibility of the witness. It would not be competent to introduce evidence of particular facts to impeach the witness; but

the authorities recognize a distinction between independent evidence introduced for the purpose of impeaching a witness, and the questions which are permitted, in the discretion of the court, to be put to a witness, tending to affect his credibility. (*Brandon* v. *The People*, 42 N. Y., 265–268; 1 Green. on Ev., §§ 456, 461.)

I think it was permissible to ask the defendant in error questions as to particular facts, although such evidence would not be received from impeaching witnesses. But I agree with the learned judge, who delivered the opinion of the court below, that the evidence sought to be obtained must legitimately tend to impair the credit of the witness for veracity, either directly or by its tendency to establish a bad moral character. I deem it unnecessary in this case to determine whether this evidence would or not have that effect, because another objection was distinctly taken, upon the ground of privilege, which I think fatal. I understand it to be conceded by the counsel for the people that this objection would ·be valid if it had been taken by the witness himself instead of the counsel, and the case shows that the county judge entertained the same view. Such is the rule as to a witness who is not himself a·party. It is, then, a question between the witness and the court, with which the party has nothing to do, and with which the counsel of the party has no right to interfere. (*Cloyes* v. *Thayer*, 3 Hill, 564 ; *Southard* v. *Rexford*, 6 Cow., 254, and cases cited.)

The party cannot avail himself of an error in allowing or refusing the privilege. But when the witness is also the party, I see no reason for the application of this rule. By taking the stand as a witness, while he may subject himself to the rules applicable to other witnesses, he is not thereby deprived of his rights as a party, and it follows that his counsel, while he is in the witness box, has a right to speak for him, and that an error committed by the court against him may inure to his benefit as a party. Especially ought this protection to be afforded to persons on trial ,for criminal offenses, who often by a species of moral compulsion are

forced upon the stand as witnesses, and being there are obliged to run the gauntlet of their whole lives on cross-examination, and every immorality, vice or crime of which they may have been guilty, or suspected of being guilty, is brought out ostensibly to effect credibility, but practically used to produce a conviction for the particular offense for which the accused is being tried, upon evidence which otherwise would be deemed insufficient. Such a result is manifestly unjust, and every protection should be afforded to guard against it.

I am of opinion that the witness was privileged from answering the question and that the objection was well taken by his counsel, and that the exception is available to him. Neither in the *Brandon Case* (42 N. Y., 265) nor in the *Connors Case* (50 N. Y., 240) was the question of privilege presented, and in the latter case the objection was put upon the constitutional ground that the prisoner could not be compelled to be a witness against himself, which was overruled on the ground that having voluntarily become a witness without raising the question of compulsion, he waived the constitutional protection, and rendered himself amenable to the obligations of a witness. The question was not presented whether the evidence sought would tend to affect credibility, and in the *Brandon Case* the objection was put specifically upon the ground that the character of the witness who was a party could not be attacked, as she had not put it in issue, and the court merely held that having offered herself as a witness in her own behalf, she was subject to the same rules as other witnesses. In the *Real Case* (42 N. Y., 270) the witness was not a party, and the privilege of not answering was offered to him by the court.

I am of the opinion that the cross-examination of persons who are witnesses in their own behaf, when on trial for criminal offenses, should in general be limited to matters pertinent to the issue, or such as may be proved by other witnesses. I believe such a rule necessary to prevent a conviction for one offense by proof that the accused may have been

guilty of others. Such a result can only be avoided practically by the observance of this rule.

There are other exceptions which might be noticed, but as a new trial must be had, it is not deemed necessary, as the same questions may not again arise.

The judgment of the General Term must be affirmed.

All concur, except Folger, J., not voting ; Earl, J., concurs in result.

Judgment affirmed.