# 𝔖𝔲𝔭𝔯𝔢𝔪𝔢 ℭ𝔬𝔲𝔯𝔱—𝔊𝔢𝔫𝔢𝔯𝔞𝔩 𝔗𝔢𝔯𝔪—𝔉𝔦𝔯𝔰𝔱 𝔇𝔢𝔭𝔞𝔯𝔱𝔪𝔢𝔫𝔱.

*October,* 1883.

## PEOPLE *v.* IRVING.

ASSAULT IN SECOND DEGREE.—EVIDENCE.—FORMER OFFENSE.
IMPEACHMENT OF WITNESS.

Striking a person upon the head with a pistol, thereby inflicting severe injuries, is sufficient, under Pen. Code, § 218, subd. 3, 4, to create an assault in the second degree, since that may be done by inflicting a wound upon another with or without a weapon, or by the use of any instrument or thing likely to produce grievous bodily harm. And the question whether such instrument was likely to produce said result is properly submitted to the jury.

Defendant, a witness in his own behalf, was asked on cross-examination whether he had not committed other assaults at other times upon other persons, and the questions were allowed. *Held* error; that cross-examination as to acts of misconduct not involved in the issues, should be restricted to such as bear directly upon the present character and moral principles of the witness.

The answers to such questions were in the negative, except in two instances, and as to those, the defendant explained the assaults made by him, showing that he was excusable therefor. *Held,* that as the error worked no prejudice to defendant, it must, under § 542, Code Crim. Pro., be disregarded on appeal.

Appeal from judgment of the General Sessions of New York, convicting defendant of assault in the second degree, rendered May 28, 1883, before GILDERSLEEVE, J.

The complainant and another witness, testified that defendant and one McDermott, with a female companion, about three o'clock on the morning of December 27, 1882, went to the liquor store of complainant, who refused to admit them, as his store was closed, he also informing them that he did not allow women in his place; that they went away, but shortly afterwards returned, and while complainant was in the act of locking the door, defendant pushed it open, and after calling complainant a vile name, struck him twice on the left side of the head with the butt-end of a pistol, severely injuring him.

Defendant testified that he went to the store, asked for a cigar, which was refused by complainant, who took up a bottle and went towards him, and the defendant left. Defendant's testimony was in some degree corroborated by five other witnesses.

The jury found the defendant guilty.

A motion for a new trial upon the ground that the verdict was against evidence, and upon the exceptions which appear in the opinion, was made and denied.

The defendant was sentenced to imprisonment in the penitentiary of the city of New York for two years, and to pay a fine of $250, and that he stand committed until the same be paid, not exceeding one day for each dollar of the fine imposed, from and after the termination of the two years imprisonment.

*Charles Spencer*, attorney, and *Thomas F. Grady* ·and *W. Burke Cochran*, of counsel, for the prisoner, appellant.— Defendant should not have been confronted, on the trial of an assault made in 1882, with alleged assaults made years before. An accused person is called on to meet the specific charge made against him, and not to defend every act of his life. People *v.* Crapo, 76 *N. Y.* 291; People *v.* Gay, 7 *Id.* 378; People *v.* Genung, 11 *Wend.* 19; People *v.* Brown, 72 *N. Y.* 571; Therasson *v.* People, 20 *Hun*, 68. Any such examination as to other offenses disconnected with the specific act, to be admissible, must have a direct bearing on the charge made. Portius *v.* People, 82 *N. Y.* 350. In the nature of things the testimony in question could have no bearing on the charge made, and it therefore was error to admit it. Ryan *v.* People, 79 *N. Y.* 593. See also, People *ex rel.* Phelps *v.* Oyer and Terminer, 83 *N. Y.* 460.

The conviction must be maintained under subd. 3, 4, § 218, Pen. Code. The pistol with which the assault is alleged to have been committed was nowhere described in the evidence. It appeared that it was not used as a fire-arm, and therefore lost its distinctive character as a weapon. As an instrument likely to produce bodily harm the jury could only consider it in the light of the description as to size, weight and formation, which was not given, nor was it present in court. The wound was not shown

to have been originally dangerous or grievous. If any wound was committed, it was assault in the third degree.

*John McKeon,* district attorney, and *John Vincent* (assistant), for the people, respondent.—The verdict should not be disturbed. The evidence was conflicting, and the jury chose to believe the people's witnesses.

The questions objected to were proper as designed to impeach defandant's general moral character and his credibility as a witness, because they related to transactions of an illegal character in which he was engaged. It was in the discretion of the trial court to admit them under People *v.* Crapo, 76 *N. Y.* 291 ; and Ryan *v.* People, 79 *N. Y.* 593.

The witness having waived his privilege, and answered, denying the assaults, the prosecution was bound by his answers, and could not legally contradict ; no damage was done to the prisoner, and hence no error was committed.

DANIELS, J.—The act for which the defendant was convicted was striking the complaining witness twice upon his head with a pistol, thereby cutting his head and inflicting a wound upon it about an inch and a half in length ; and this was sufficient under the Penal Code to create the offense of an assault in the second degree, for that may be done by inflicting a wound upon another with, or without, a weapon, or by the use of an instrument or thing likely to produce grievous bodily harm. *Pen. Code,* § 218, subd. 3, 4.

And such an instrument as was in the hands of and used by the defendant would be likely when so used to produce grievous bodily harm. Certainly there was such a degree of probability that it might be productive of that result as to require the case upon that point to be submitted, as it was upon the trial, to the consideration of the jury.

Upon the cross-examination of the defendant, who was sworn in his own behalf as a witness upon the trial, he was asked whether he had not committed other assaults at other times upon other persons, and the questions propounded to him for that purpose were objected to. The objection was overruled and exceptions to the decisions were taken. These inquiries

may very well have been suggested or induced by similar questions put to the complaining witness upon his cross-examination by the defendant's counsel. But while that might form such excuse for following the same course in the cross-examination of the defendant, it still would not justify the rulings which were made, if they were erroneous. And that they were errone-ous may probably with safety be assumed; for while the defendant may be cross-examined as to other acts of misconduct not involved in the issue to be tried which may affect his credit as a witness in the case, the inquiry should be limited to acts reasonably attended with that result. Brandon v. People, 42 *N. Y.* 265; Real v. People, *Id.* 270; People v. Brown, 72 *Id* 571; People v. Crapo, 76 *Id.* 288; Ryan v. People, 79 *Id.* 593. The cross-examination should be restricted to such acts as bear " directly upon the present character and moral principles of the witness, and therefore, essential to the due estimation of his testimony by the jury." 1 *Greenl. Ev.* 7th ed. § 459. And that the defendant may have upon other occasions committed an assault upon other persons would not seem to be within this principle, for the fact itself would not necessarily or properly tend to impeach his moral character or impair his credit as a witness.

But all, except two, of the inquiries made were answered in the negative by the defendant, and could not, therefore, have prejudiced him in the least upon the trial. In his answers to the other two he stated that he did strike the persons mentioned in the inquiries, and if the answers had ended there the case would probably have required another trial *to correct this error.* But it did not, for the defendant proceeded to state and explain the circumstances under which he struck these persons, showing that he was excusable for what he did. And in view of the explanations made, the fact that he did strike other persons on two different occasions could have had no effect whatever in the way of prejudicing the jury against him in this case. What-ever effect might otherwise have been given to the facts them-selves was removed by the explanations which the witness added. In Nolan v. Brooklyn, etc. R. R. Co., 87 *N. Y.* 63, the witness was asked whether he had not been expelled from the Fire Depart-ment, and the court held the question to be "improper, because

the fact sought to be proved was neither pertinent to the issue, nor did it relate to any specific fact which tended to discredit the witness or impeach his moral character." But inasmuch as he added an explanation of the cause of his removal relieving him from the charge of misconduct, it was held that the error was productive of no injurious effect, and, therefore, should form no ground for the reversal of the judgment. *Ib.* 68. By section 542 of the Code of Criminal Procedure the observance of this principle has now been positively enjoined upon the courts. For it has been provided that after hearing the appeal, the court must give judment without regard to technical errors, or defects, or to exceptions which do not affect the substantial rights of the parties. Those which have been considered are exceptions of this description. As the answers were explained they did not affect any substantial right of the defendant in this case.

The evidence was such as to require the court to submit the case to the jury. Their verdict was reasonably well supported. by it, and the judgment in the case should be affirmed.

DAVIS, P. J., and BRADY, J., concur.