THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. JAMES IRVING, APPELLANT.

*Criminal law — assault in the second degree — Penal Code, sec. 218 — Examination of a defendant in his own behalf — right to cross-examine him to discredit his testimony — when an error in allowing an improper question is cured by the harmlessness of the answer — Code of Criminal Procedure, sec. 542.*

The defendant was convicted of an assault in the second degree for striking the complaining witness twice upon the head with a pistol, thereby cutting his head and inflicting upon it a wound about an inch and a-half long.

*Held,* that it was properly left to the jury to say whether such an assault with such an instrument was not likely to produce grievous bodily harm within the meaning of subdivisions 3 and 4 of section 218 of the Penal Code.

Upon the cross-examination of the defendant he was asked, against the objection and exception of his counsel, whether he had not committed other assaults, upon other persons, at other times. As to all but two of these inquiries the defendant answered in the negative, and in answering these two affirmatively he stated facts and circumstances showing that he had a sufficient excuse for what he did.

*Held,* that the court erred in allowing the questions to be put, but that as the answers were such that the defendant could not have been prejudiced by making them, the error should be disregarded under section 542 of the Code of Criminal Procedure.

APPEAL from a judgment of the Court of General Sessions of the county of New York, convicting the defendant of an assault in the second degree.

*Thomas F. Grady* and *W. Bourke Cochran,* for the appellant.

*John Vincent,* for the respondent.

DANIELS, J.:

The act for which the defendant was convicted was striking the complaining witness twice upon his head with a pistol, thereby cutting his head and inflicting a wound upon it about an inch and a-half in length, and this was sufficient under the Penal Code to create the offense of an assault in the second degree, for that may be done by inflicting a wound upon another with, or without, a weapon, or by the use of any instrument or thing likely to produce grievous bodily harm. (Penal Code, § 218, subs. 3 and 4.) And such an instrument as was in the hands of and used by the defendant would be likely when so used to produce grievous bodily harm. Certainly there was such a degree of probability that it might be productive of that result as to require the case upon that point to be submitted, as it was upon the trial, to the consideration of the jury.

Upon the cross-examination of the defendant, who was sworn in his own behalf as a witness upon the trial, he was asked whether he had not committed other assaults at other times upon other persons, and the questions propounded to him for that purpose were objected to. The objection was overruled and exceptions to the decisions were taken. These inquiries may very well have been suggested or induced by similar questions put to the complaining witness upon his cross-examination by the defendant's counsel. But while that might form some excuse for following the same course in the cross-examination of the defendant, it still would not justify the rulings which were made if they were erroneous. And that they were erroneous may probably with safety be assumed, for while the defendant may be cross-examined as to other acts of misconduct not involved in the issue to be tried which may affect his credit as a witness in the case, the inquiry should be limited to acts reasonably attended with that result. (*Brandon* v. *People*, 42 N. Y., 265 ; *Real* v. *People*, Id., 270 ; *People* v. *Brown*, 72 id., 571 ; *People* v. *Crapo*, 76 id., 288 ; *Ryan* v. *People*, 79 id., 593.)

The cross-examination should be restricted to such acts as bear "directly upon the present character and moral principles of the witness, and therefore, essential to the due estimation of his testimony by the jury." (1 Greenl. on Ev. [7th ed.], § 459.] And that the defendant may have upon other occasions committed an assault upon other persons would not seem to be within this prin-

ciple, for the fact itself would not necessarily or properly tend to impeach his moral character or impair his credit as a witness. But all, except two, of the inquiries made were answered in the negative by the defendant, and could not, therefore, have prejudiced him in the least upon the trial. In his answers to the other two he stated that he did strike the persons mentioned in the inquiries, and if the answers had ended there the case would probably have required another trial to correct this error. But it did not, for the defendant proceeded to state and explain the circumstances under which he struck these persons, showing that he was excusable for what he did. And in view of the explanations made, the fact that he did strike other persons on two different occasions could have had no effect whatever in the way of prejudicing the jury against him in this case. Whatever effect might otherwise have been given to the facts themselves was removed by the explanations which the witness added. In *Nolan* v. *Brooklyn City etc., R. R. Co.,* (87 N. Y., 63), the witness was asked whether he had not been expelled from the fire department, and the court held the question to be "improper, because the fact sought to be proved was neither pertinent to the issue, nor did it relate to any specific fact which tended to discredit the witness or impeach his moral character." But inasmuch as he added an explanation of the cause of his removal, relieving him from the charge of misconduct, it was held that the error was productive of no injurious effect, and, therefore, could form no ground for the reversal of the judgment. (Id., 68.) By section 542 of the Code of Criminal Procedure, the observance of this principle has now been positively enjoined upon the courts. For it has been provided that after hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties. Those which have been considered are exceptions of this description. As the answers were explained, they did not affect any substantial right of the defendant in this case.

The evidence was such as to require the court to submit the case to the jury. Their verdict was reasonably well supported by it, and the judgment in the case should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.