WILLIAM H. SMITH, RESPONDENT, *v.* WATSON MULFORD, MARSHALL FRANCIS AND DWIGHT BRANDOW, APPELLANTS.

*Witness — cross-examination to impeach his character — he cannot be asked upon what charge he has been arrested.*

Upon the trial of this action, brought to recover damages for an assault and battery alleged to have been committed by the three defendants, one of them, who was called as a witness in behalf of himself and the other defendants, testified on his cross-examination that he had been arrested, but did not know how many years ago. He was then asked, "What was the charge?" the plaintiff's counsel stating that he offered this evidence with reference to the character of the witness. The court, against the objection and exception of the defendants' counsel, allowed the witness to answer and state what the charge was.

*Held,* that it erred in so doing.

*People* v. *Irving* (95 N. Y., 541); *People* v. *Crapo* (76 N. Y., 288) followed; *Connors* v. *People* (50 N. Y., 240) limited.

APPEAL from a judgment in favor of the plaintiff, entered at the Greene Circuit on the verdict of a jury, and from an order denying a motion for a new trial, made upon a case and exceptions and upon the ground of newly discovered evidence.

*Sidney Crowell*, for the appellants.

*Hallock, Jennings & Chase*, for the respondent.

LEARNED, P. J. :

This is an action to recover damages for assault and battery, alleged to have been committed by Mulford, Francis and Brandow. There is no doubt about the affray. The principal matter in dispute was whether plaintiff or defendants commenced the fight.

Mulford was called as a witness in behalf of himself and the other defendants. On cross-examination he testified that he had been arrested, but how many years ago he did not know. Then he was asked by plaintiff's counsel, " What was the charge ?" Defendants objected. Plaintiff's counsel stated that he offered this evidence with reference to the character of the witness. The objection was overruled, defendant excepted, and the witness answered and told what the charge was, the defendants claiming that this was error.

Undoubtedly, decisions have been conflicting on this point. But the case of *People* v. *Irving* (95 N. Y., 541) seems to hold that in cross-examination, specific acts, within the discretion of the court, may be inquired into, tending to impair the moral character of the witness ; but that accusations cannot. Such is the doctrine of *People* v. *Crapo* (76 N. Y., 288) ; *Ryan* v. *People* (79 N. Y., 594) ; *Kober* v. *Miller* (45 Sup. Ct. [38 Hun], 184).

The distinction seems to be logically sound. An arrest is only an accusation. Every one is presumed to be innocent till he is proved to be guilty.

To use the fact of an arrest as a ground of discrediting a witness may be logically to presume him guilty until proven to be innocent.

The case of *Connors* v. *People*, (50 N. Y., 242), is cited by the plaintiff as being directly in point. But in *People* v. *Crapo*, (*ut supra*), the learned judge who wrote the opinon in *Connors* v. *People* speaks of that case, and of *Brandon* v. *People* (42 N. Y., 269,)

and says that the question of relevancy on the point of credibility was not presented. So that the case of *People* v. *Crapo* must be considered to overrule anything incidentally said in those earlier cases.

The plaintiff further says, that the witness had already stated that he had been arrested. But this did not prevent the defendants from objecting to any more irrelevant testimony. It seems to us that under the late decisions to which we have above referred, the testimony was inadmissible. At the same time we think it would be better to leave the range of such questions to the discretion of the trial judge. That the witness had been arrested was a part of the history of his life, as much as that he had lived in such a place. No real harm was done by the admission of this evidence. The witness could have explained that he was falsely accused and wrongfully arrested, if the facts were so. And whether he explained or not, any judge who has tried cases, knows that practically it would make no difference with the verdict of the jury, that this witness stated that he had been arrested, and mentioned the ground of arrest. These nice distinctions as to what may, and what may not, be given in evidence on such a cross-examination, are of no practical use and really do harm.

But we are compelled to reverse the judgment and grant a new trial, costs to abide event.

Bookes and Landon, JJ., concurred.

Judgment and order reversed, new trial granted, costs to abide event.