(3 Misc. Rep. 333.)

PEOPLE v. EQUITY GAS-WORKS CONSTRUCTION CO. et al.

(City Court of Brooklyn, General Term. April 3, 1893.)

CORPORATIONS—FORFEITURE OF CHARTER—NONUSER.

Code Civil Proc. § 1948, subd. 3, allowing the attorney general to maintain an action against persons who act as a corporation without being duly incorporated, or exercise any corporate rights "not granted to them," includes an action to enjoin the exercise of powers forfeited for nonuser.

Appeal from special term.

Action by the people against the Equity Gaslight Company, Equity Gas-Works Construction Company, and John Devlin, to restrain the construction company's performance of a building contract with the gas company, on the ground that the latter had forfeited its franchise by nonusage. Defendant Devlin was president of the gas company. From a judgment overruling a demurrer to the complaint the construction company and Devlin appeal. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Wm. A. Poste, for appellants.
S. W. Rosendale, for the People.

CLEMENT, C. J. This is an appeal from an interlocutory judgment overruling the demurrer of the defendants, who contend that the complaint does not set forth facts sufficient to constitute a cause of action. In the complaint the plaintiffs allege, inter alia, that the city of Brooklyn is a municipal corporation, and that its streets are public highways of the state of New York and of the plaintiffs; that the Equity Gaslight Company (a defendant in this action, but not an appellant) was duly organized by articles of association filed in the office of the secretary of state in January, 1874, pursuant to chapter 37 of the Laws of 1848, which at that time was the general law for the incorporation of gas companies; that an act of the legislature affecting said company was passed and is designated as "Chapter 144 of the Laws of 1874;" that said company has no right or franchise to lay gas pipes in this city, for the reason that the corporate powers of said company have ceased; that the said company was subject to a provision of the Revised Statutes that the corporate powers of any corporation should cease which should not organize and commence the transaction of its business within one year from the date of its incorporation. After some hesitation, I conclude that this action can be maintained against the appellants under subdivision 3, § 1948, of the Code of Civil Procedure.[1] Whether or not the action can be upheld against the Equity Gaslight Company is not before us. The counsel for the appellant Devlin admits in his brief that on the facts an action could be brought under said section 1948, but contends, on the authority of Attorney General v. Utica Ins. Co., 2 Johns. Ch. 371, and Attorney General v. Bank of Niagara, Hopk. Ch. 354, that no action in equity

[1] This section allows the attorney general to maintain an action (3) against one or more persons who act as a corporation without being duly incorporated, or who exercise any corporate rights not granted to them.

will lie to enjoin the exercise of corporate powers. The court of chancery had no such jurisdiction up to the adoption of the Revised Statutes. By section 31 (2 Rev. St. 462) the chancellor was empowered to restrain by injunction a corporation or individuals from exercising any corporate rights not granted by law. See People v. Ballard, 134 N. Y. 269, note, 276, 32 N. E. Rep. 54. On the adoption of the new Code the sections in point of the Revised Statutes were repealed and reincorporated in sections 1948 (see section 432 of the old Code) and 1955. I am of opinion that this action may be treated as brought to restrain the appellants from exercising corporate rights not granted to them by the law of the state.

The legislature passed an act that the Equity Gaslight Company should have three years to organize and commence the transaction of its business. The general provision is that, if a company does not organize and commence the transaction of its business within one year from its incorporation, its corporate powers shall cease. The Equity Company did not commence the transaction of business for over 10 years. When the act of 1874 was passed, gas was selling in Brooklyn at $3 per 1,000 feet. The company in question, by an act presumed to be drawn in its interest, agreed to furnish gas within 3 years (1877) at $2 per 1,000. Nothing was done under the act until the price of gas was by statute fixed at $1.50 per 1,000. The public would have been benefited if the company had complied with its charter. As it is now, a stale charter is revived for the benefit of its stockholders, who have failed to keep their contract with the people. If a self-executing forfeiture can exist in a charter, it seems to me that it should be so held in this case. In the Brooklyn, W. & N. R. Co.'s Case, 72 N. Y. 245, 75 N. Y. 335, it was provided that "the corporate existence and powers shall cease," and in the Brooklyn Steam Transit Co.'s Case, 78 N. Y. 524, the words in point were: "This act, and all the powers, rights, and franchises herein and hereby granted, shall be deemed forfeited and terminated." In the case before us, the words, "its corporate powers shall cease," are plain, and the legislature intended that if gas was not furnished at $2 per 1,000 feet in 1877, then that the Equity Company should pass out of existence.

Judgment affirmed, with costs.