County Court, Otsego County. January, 1897. Unreported.

### PEOPLE v. JEROME B. WOLCOTT.

BARNUM, Co. J. Demurrer to indictment against defendant charging him with having on the 15th day of January, 1897, at the town of Exeter in this county, unlawfully during the hours between one o'clock A. M. and five o'clock A. M., had a curtain that obstructed the view of the bar or place in a certain building where liquors were kept for sale by the defendant.

Section 31 of Laws of 1896, Chap. 112, under which the indictment is sought to be sustained, so far as material to this case is as follows: " It shall not be lawful for any  *  *  *  person whether having paid such tax or not to have during the hours when the sale of liquor is forbidden, any curtain, screen or blinds, opaque or colored glass, that obstructs the view from the sidewalk, alley or road in front of, or from the side or end of the building or the bar or place in such building where liquors are sold or kept for sale."

No penalty or punishment is prescribed for a violation of the provision of the statute above cited, except under the provisions of section 42 (section 34, subd. 5) of the same chapter which reads as follows:

"Section 42 (34 subd. 5). Violations of this act generally. Any wilful violation by any person of any provision of this act for which no punishment or penalty is otherwise prescribed, shall be a misdemeanor."

It is manifest that no crime is committed under the above provision of the statute, unless the act is wilfully done.

It is claimed by the defendant that the indictment does not

charge the commission of a crime because it does not allege that the act was done wilfully.

The people claim that the indictment is in the exact language of the statute and is sufficient.

It seems to me that the exact language of the statute would embrace the words prescribing the conditions requisite to make the act criminal, and that an indictment embracing the substance of the statute should allege that the act was wilfully done.

The use of the word wilfully in the section prescribing a penalty indicates that the intent is an essential ingredient of the crime.

It is said in Rice on Criminal Evidence, 399: "A crime is made up of acts and intent and those must be set forth in the indictment  *   *   *"

As in order to make acts criminal they must be done with a criminal mind, the existence of that criminality of mind must be alleged.

In People v. West, 106 N. Y. 295, the indictment accused the defendant of the crime of watering milk and bringing the same to a cheese factory for the purpose of making the same into cheese.

The Court says, " The indictment follows the language of the statute, and the general rule is well settled that an indictment for a statutory offense, and especially when the offense is a misdemeanor, charging the facts constituting the crime in the words of the statute  *   *   *  is good as pleading and justified putting the defendant on trial."

But the reasoning of this case does not apply to the case at bar.  The indictment, even in case the crime charged is a misdemeanor, where the statute does not make the commission of the act a crime independent of the intent, should charge a criminal intent and the words of the statute declaring the act a crime, if done wilfully, should be embraced in the indictment if the pleader seeks to rely upon the rule as laid down in the case above cited, and in other cases cited by the district attorney.

The intent could have been alleged in general terms but there should be an allegation sufficient to amount to an accusation in effect that the act was wilfully done.

In People v. D'Argencour, 32 Hun, 179, (affirmed 95 N. Y. 631), it was objected that the indictment was defective because the intent to defraud was not alleged.

The Court says: "As the statute was framed under which the indictment was found an averment of this intent seems to have been essential, for the acts charged only constitute an offense when they have been committed with the intent to defraud * * * It clearly contemplates the necessity of such an averment, without it the indictment was probably defective."

It was also held that the intent must be alleged in People v. Lohman, 2 Barber, 221, affirmed, 1 N. Y. 382.

It was held in People v. Lowndes, 130 N. Y. 463, that "while the words used in a statute to define a crime need not be strictly pursued in the indictment, words conveying the meaning of those employed by the statute to express the ingredients of the offense, may be used. Imperfections in matter of form may be disregarded, but the substance of all that is requisite to the offense must be alleged."

In the case at bar it is requisite to make the act complained of a crime, that it be done wilfully.

An essential ingredient of the crime is that the act be done wilfully.

The indictment failing to state that the act was wilfully done fails to charge an essential element of crime under the statute and is fatally defective.

The demurrer is sustained.