## TERRITORY *v.* GOO WAN HOY.

### No. 1156.

#### PETITION FOR REHEARING.

FILED APRIL 16, 1919.                    DECIDED APRIL 23, 1919.

COKE, C. J., KEMP AND EDINGS, JJ.

*Per Curiam:* The defendant has filed a petition for rehearing alleging a number of grounds, only one of which

merits attention.  He says that we overlooked the rule of law that questions which may be put to an ordinary witness, for purposes of discrediting his testimony, may not be put to a testifying accused person but that when a defendant in a criminal case becomes a witness, cross-examination must be limited to matters pertinent to the issue and provable by other witnesses.  Defendant has cited two New York cases which support this proposition (*People* v. *Brown*, 72 N. Y. 571 and *People* v. *Crapo*, 76 N. Y. 288).  While the cases now cited by defendant were not examined by us, not having been called to our attention, the question therein considered was by no means overlooked by us.  We expressly decided the question contrary to defendant's present contention and believe we decided it in accordance with the weight of authority, but for fear we have not made our position upon this point entirely clear we deem it proper to further set forth our views upon this important question.  We doubt that the rule announced in the New York cases cited is now the law of that State.  No less an authority than Mr. Wigmore has criticized the rule laid down in these cases and has expressed the belief that it is not now the law in New York. 2 Wigmore Ev. Sec. 891 (3).

We have not been able to find any New York case which expressly overrules the *Brown* and *Crapo* cases but certainly the cases of *People* v. *Giblin*, 115 N. Y. 196, 199, 21 N. E. 1062, and *People* v. *Webster*, 139 N. Y. 73, 84, 34 N. E. 730, do announce a different rule.  In the *Giblin* case, the defendant who was on trial for murder became a witness and upon his cross-examination the district attorney was permitted over objection to interrogate him as to the possession of certain dies and plates and also as to whether he had not visited an engraver to obtain a die.  He denied the visit but admitted the possession of the dies and plates and attempted to show that he owned them for an inno-

cent purpose. The court said: "It was permissible to impeach the defendant's credibility by showing facts which would connect him with a nefarious occupation. It is an office of cross-examination to exhibit the improbabilities of the witness' story and in this case we do not think the prosecuting officer exceeded the proper bounds, in his endeavor to show that the defendant was not of such a character as to commend entire confidence in his statements." In the *Webster* case, also for murder, the district attorney was permitted upon cross-examination of defendant to show that he (defendant) was living in adultery with a woman unconnected with the crime charged. In discussing this the court said: "It is now an elementary rule that a witness may be specially interrogated upon cross-examination in regard to any vicious or criminal act of his life and may be compelled to answer unless he claims his privilege," also, "The extent to which disparaging questions not relevant to the issue may be put upon cross-examination, is discretionary with the trial court, and its rulings not subject to review here unless it appears that the discretion was abused."

From the above cases we think it is clear that the rule announced in the New York cases cited by defendant has been abandoned by that State and is not now the law in that jurisdiction, the rule now adhered to being entirely in accord with the rule followed by us.

From an examination of the authorities we think it is now universally held to be the law that a defendant who takes the stand and testifies in his own behalf is subject to be discredited or impeached by any method allowed in the case of other witnesses in that jurisdiction. 2 Wigmore Ev., Sec. 890; Chamberlayne's Modern Law of Evidence, Sec. 3276; *Commonwealth* v. *Bonner*, 97 Mass. 587; *Fletcher* v. *State*, 49 Ind. 130; *State* v. *Murphy*, 13 So. (La.) 229.

It is the law in this jurisdiction that a witness may upon cross-examination be thoroughly sifted as to his antecedents (*Republic* v. *Luning*, 11 Haw. 390) and in accordance with the above authorities we reiterate our holding that a defendant is subject to the same test, when he elects to become a witness in his own behalf.

The petition for rehearing is denied.

*W. B. Lymer* for the petition.